■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND ALMONTE, Appellant.—Judgment, Supreme Court, New York County (Jeffrey Atlas, J. at trial and sentence), rendered March 23, 1989, convicting defendant, after jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him to an indeterminate term of three to nine years' imprisonment, unanimously affirmed.

Defendant's conviction arises out of his role in the sale of two glassines of crack cocaine to an undercover police officer. Defendant contends on appeal that the People failed to prove his guilt beyond a reasonable doubt because of alleged inconsistencies in the testimony of the undercover officer and questions arising out of that testimony that constituted, *per se,* reasonable doubt. In particular, defendant's claim that the respective roles of defendant and his twin brother co-defendant in the drug transaction might have been reversed by the undercover officer is without merit, as the officer was able to sufficiently identify the twin brother co-defendants by differences in their respective clothing on the date of arrest, and a perceived difference in their weights. In any event, as conceded by defendant, even if there were a role reversal in these unusual circumstances, it would be of little significance since, under either version of the facts, defendant would be considered accessorially liable. Other claimed inconsistencies in the undercover officer's testimony have been examined and found to be without merit, as has defendant's claim that alleged questions arising out of the undercover officer's testimony constituted, *per se,* reasonable doubt. Determination of any questions relating to credibility of witnesses is a function of the jury *(see, People v Siu Wah Tse,* 91 AD2d 350), and the conclusions of the jury in this case drawn from competing inferences are not unreasonable *(see, People v Kennedy,* 47 NY2d 196).

Defendant's contention that an inadvertent reference by the undercover officer to a prior drug transaction created such prejudice to defendant that he was denied a fair trial, is likewise without merit. Any possible prejudice to defendant was effectively negated by the trial court's prompt and detailed curative instruction which, it is presumed, the jury followed. *(People v Rodriguez,* 103 AD2d 121.) Additionally, in view of the overwhelming evidence of defendant's guilt presented at trial, it is unlikely that but for the extremely limited testimony concerning an "assumption" of prior criminal activity, immediately and forcefully addressed by the trial court's detailed curative instruction, defendant would have

been acquitted. *(People v Crimmins,* 36 NY2d 230.) Concur—Sullivan, J. P., Carro, Wallach, Kupferman and Kassal, JJ.