■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

ROBERT REED, Appellant.—Appeal by the defendant from two judgments of the Supreme Court, Kings County (Pesce, J.), both rendered January 12, 1989, convicting him of robbery in the second degree and grand larceny in the fourth degree under Indictment No. 8050/87, upon a jury verdict, and robbery in the first degree under Indictment No. 2902/88, upon his plea of guilty, and imposing sentences. The appeal from the judgment imposed under Indictment No. 8050/87 brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgments are affirmed.

Contrary to the defendant's contention, we find that the court did not improvidently exercise its discretion in failing to grant the defendant's motion for a mistrial under Indictment No. 8050/87. The inadvertent reference by a police officer to a gun found near the defendant, even though the gun had previously been ruled inadmissible by the court, did not deprive the defendant of his right to a fair trial. The reference to the gun was brief and there was no evidence indicating that the defendant had used a gun in the robbery of the complainant. Thus, any prejudice to the defendant was negated by the trial court's promptly administered curative instructions *(see, People v Almonte,* 170 AD2d 267; *People v Capers,* 170 AD2d 522; *People v Coates,* 166 AD2d 389; *People v Santiago,* 155 AD2d 628; *cf., People v Martinez,* 164 AD2d 826).

We have reviewed the defendant's remaining contentions, including the issue raised by the defendant in his supplemental *pro se* brief, and also find them to be without merit. Bracken, J. P., Sullivan, O'Brien and Ritter, JJ., concur.