■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v VITO AMATO, Respondent. [656 NYS2d 360] —Appeal by the People from an order of the Supreme Court, Kings County (Juviler, J.), entered January 24, 1996, which granted the defendant's motion to set aside the verdict finding him guilty of the crimes of assault in the second degree, criminal possession of a weapon in the fourth degree, and aggravated harassment (two counts), and ordered a new trial.

Ordered that the order is reversed, on the law, the motion to set aside the verdict is denied, the verdict is reinstated, and the matter is remitted to the Supreme Court, Kings County, for the imposition of sentence.

A trial court's authority to set aside a verdict is limited to grounds which, if raised on appeal, would require reversal or modification of the judgment as a matter of law by an appellate court (*see,* CPL 330.30 [1]; 330.50 [1]; *People v Ventura,* 66

NY2d 693, 694-695; *People v Carter*, 63 NY2d 530, 536-537). Accordingly, only an error of law which is properly preserved for appellate review may serve as a basis for setting aside the verdict (*see, People v Albert*, 85 NY2d 851, 853; *People v Josey*, 204 AD2d 571; *People v Sadowski*, 173 AD2d 873, 874). Here, the defendant failed to preserve for appellate review any issue concerning the prosecutor's alleged misconduct during summation, or while questioning the complainant. The defendant failed either to object, request curative instructions, or seek additional relief after the court provided curative instructions (*see,* CPL 470.05 [2]; *People v Tardbania*, 72 NY2d 852, 853; *People v Medina*, 53 NY2d 951, 952). Thus, the trial court was not authorized to consider the prosecutor's alleged misconduct in determining the motion.

Moreover, we cannot say, contrary to the trial court's finding, that its denial of the defendant's motion for a mistrial was improper. Any prejudice to the defendant caused by the complainant's improper reference to a photograph and lineup was ameliorated by the trial court's striking of the testimony and issuance of prompt curative instructions to the jury (*see, People v Santiago*, 52 NY2d 865; *People v Windley*, 181 AD2d 703; *People v Richardson*, 175 AD2d 143; *People v Reed*, 176 AD2d 972).

Therefore, the trial court improperly set aside the jury's verdict. Altman, J. P., Friedmann, Goldstein and Luciano, JJ., concur.