■ The People of the State of New York, Respondent, v Luis Garcia, Appellant. [808 NYS2d 34]—

Judgments, Supreme Court, Bronx County (William C. Don-nino, J., at hearing; Martin Marcus, J., at trial, plea and sentence), rendered April 4, 2003, convicting defendant, after a jury trial, of murder in the first degree and seven counts of murder in the second degree, and also convicting him, upon his plea of guilty, of criminal possession of a weapon in the third degree, and sentencing him to an aggregate prison term of life without parole, unanimously affirmed.

The motion court properly denied defendant's motion to sup-press statements and physical evidence. Probable cause was established through a very lengthy chain of incriminating cir-cumstances. While each piece of information, viewed singly, might have had an innocent explanation, the information provided probable cause when viewed as a whole (see People v Bigelow, 66 NY2d 417, 423 [1985]).

The court properly found that defendant's girlfriend had vol-untarily consented to searches of her car and of the apartment in which she and defendant lived (see generally People v Gonzalez, 39 NY2d 122, 128-131 [1976]). There is no basis for disturbing the court's credibility determinations, which are sup-ported by the record (see People v Prochilo, 41 NY2d 759, 761 [1977]).

The record establishes that defendant waived his present contention that the court improperly suspended deliberations of the nonsequestered jury for more than the statutorily mandated period of 24 hours (CPL 310.10 [2]).

We have considered and rejected defendant's hearsay argu-ment, and we perceive no basis for reducing the sentence. Concur—Buckley, P.J., Mazzarelli, Ellerin, Catterson and Mc-Guire, JJ.