THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH BRIDGEFORTH, Appellant. [987 NYS2d 869]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Blumenfeld, J.), rendered July 31, 2012, convicting him of robbery in the first degree and robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant failed to satisfy his burden of coming forward with substantial evidence to rebut the presumption of regularity that attaches to all criminal proceedings with respect to his claim that he was deprived of his right to be present at the *Sandoval* hearing (*see People v Sandoval*, 34 NY2d 371, 374 [1974]; *People v Frank*, 295 AD2d 535 [2002]; *People v Firrira*, 258 AD2d 666 [1999]). Contrary to the defendant's contention, the Supreme Court providently exercised its discretion in rendering its *Sandoval* ruling (*see People v Marcus*, 112 AD3d 652, 653 [2013]; *People v Filipe*, 7 AD3d 539, 540 [2004]).

In the defendant's *Batson* application (*Batson v Kentucky*, 476 US 79 [1986]), he argued that the prosecutor used peremptory challenges to strike all the black, Guyanese, or "dark-colored" prospective female jurors, including an Indian woman. Under the circumstances of this case, the defendant did not meet his prima facie burden of establishing that the prosecutor exercised a peremptory challenge to remove that prospective juror on the basis of her membership in a constitutionally cognizable class protected under the Equal Protection Clause of the United States and New York Constitutions (*see Hernandez v New York*, 500 US 352, 358 [1991]; *People v Quiles*, 74 AD3d 1241, 1242-1243 [2010]).

The defendant's contention that the jury charge with regard to robbery in the first degree was inadequate is not preserved for appellate review (*see* CPL 470.05 [2]). In any event, the error was harmless in light of the overwhelming evidence of the defendant's guilt, and there is no significant probability that the jury would have acquitted the defendant but for the error (*see People v Crimmins*, 36 NY2d 230, 241-242 [1975]; *People v Diaz*, 71 AD3d 1158 [2010]). Although defense counsel failed to object to the jury charge as given, viewing defense counsel's performance in totality, counsel provided meaningful representation (*see Strickland v Washington*, 466 US 668, 687-694 [1984]; *People v Benevento*, 91 NY2d 708, 714 [1998]; *People v Sweeney*, 84 AD3d 1123, 1124 [2011]). Skelos, J.P., Lott, Roman and LaSalle, JJ., concur.