■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v INTAQUAB ALI, Appellant. [999 NYS2d 530]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Erlbaum, J.), rendered May 8, 2009, convicting him of attempted murder in the second degree, assault in the first degree, aggravated criminal contempt, criminal possession of a weapon in the fourth degree, and endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

At trial, the People's evidence consisted primarily of the complainant's grand jury testimony and other out-of-court statements she made. The defendant contends that the Supreme Court erred in allowing the People to introduce these out-of-court statements into evidence on their direct case.

In a criminal case, the out-of-court statements of a witness, including his or her grand jury testimony, may be admitted as direct evidence at trial where, inter alia, the witness is unavailable to testify and proof establishes that the witness's unavailability was procured by intentional misconduct on the part of the defendant (*see People v Geraci*, 85 NY2d 359, 366 [1995]; *see also Giles v California*, 554 US 353 [2008]; *People v Smart*, 23 NY3d 213 [2014]). Circumstantial evidence may be used to establish that a witness's unavailability was procured by the defendant (*see People v Geraci*, 85 NY2d at 369). However, the cumulative evidence and the inferences that logically flow there-

from must be sufficient to support a determination, under the clear and convincing evidence standard, that the defendant either was responsible for, or acquiesced in, the conduct that rendered the witness unavailable for trial (*see id.* at 370).

Here, the Supreme Court properly determined, after a *Sirois* hearing (*see People v Sirois*, 92 AD2d 618 [1983]; *Matter of Holtzman v Hellenbrand*, 92 AD2d 405 [1983]), that the People presented clear and convincing evidence that the defendant's intentional misconduct caused the complainant to be unavailable to testify at the trial. Accordingly, the People were properly allowed to use the complainant's grand jury testimony and other out-of-court statements as part of their direct case at trial (*see People v Geraci*, 85 NY2d at 362).

The Supreme Court also properly denied the defendant's *Batson* application (*see Batson v Kentucky*, 476 US 79 [1986]), as the defendant failed to make a prima facie showing of discrimination based on the prosecutor's exercise of a peremptory challenge to exclude a prospective juror whom the defendant presumed, because of the prospective juror's appearance, was Muslim (*see People v Bridgeforth*, 119 AD3d 600 [2014]; *People v Mohabir*, 111 AD3d 851, 851-852 [2013]; *People v Cosme*, 110 AD3d 1096 [2013]; *People v Cuesta*, 103 AD3d 913, 914 [2013]).

The Supreme Court properly denied that branch of the defendant's posttrial motion which was to set aside the verdict pursuant to CPL 330.30 (3) based on newly discovered evidence, which evidence consisted of an affidavit of the complainant relating to the issue addressed at the *Sirois* hearing. The defendant failed to establish that the evidence could not have been discovered before trial with due diligence and, in any event, that it was of such a character as to create a probability that, had it been received in evidence, the verdict would have been more favorable to the defendant (*see* CPL 330.30 [3]; *People v Salemi*, 309 NY 208 [1955]; *People v Larios*, 25 AD3d 569, 570 [2006]; *People v Waller*, 4 AD3d 440, 441 [2004]). Rivera, J.P., Hinds-Radix, Duffy and LaSalle, JJ., concur.