This memorandum is uncorrected and subject to revision before
publication in the New York Reports.
--------------------------------------------------------------

No. 155
The People &c.,
          Respondent,
        v.
Alfred Gary,
          Appellant.

Erica T. Dubno, for appellant.
Jason R. Richards, for respondent.

MEMORANDUM:

The order of the Appellate Division should be affirmed.

Defendant stands convicted of conspiracy in the fourth

degree.  Prior to his nonjury trial upon an indictment charging

him with numerous crimes incident to his alleged participation in

- 1 -

a scheme to defraud mortgage lenders, defendant, through trial counsel, entered into a stipulation deeming certain enumerated exhibits "admissible as evidence in chief for all purposes." Among the numerous documents covered by this stipulation was one from a lender file respecting a mortgage loan made for the purchase of a property identified as 185 Friends Lane.  That document, exhibit 17C, was a Request-for-Verification-of-Employment form respecting putative loan applicant Frank Martin. The form, signed by "Allen Gary" on November 16, 2006, falsely represented that Mr. Martin was employed by AG Capital Holdings, as its Corporate Finance Manager and that his prospects for continued employment were "good."  At the bottom of the form was a handwritten notation by an individual identified at trial as a mortgage company loan officer, stating that on January 12th she "spoke w[ith] Gary and he QC all info."

During his trial testimony as a prosecution witness, erstwhile mortgage broker, codefendant Carlos Irizarry, stated that he filled out the verification-of-employment form in consultation with defendant and then forwarded the form to him for execution.  He reported that the form was faxed back to him directly from defendant's business, the fax number of which was in fact emblazened on the top of the form.  He testified without contemporaneous objection that the handwritten note on the form confirmed that the loan officer had "quality controlled" the information on the form by speaking with defendant on January 12,

2007.  It was not until the following day of the trial and after the receipt of considerable intervening testimony, that defense counsel raised a hearsay objection to the receipt in evidence of the hand-written note and Irizarry's testimony referencing it and moved to strike the objected-to matter from the record.  The court denied defendant's application, observing that the notation had already been the subject of unobjected-to testimony.  The court later indicated that it would have ruled differently had defendant's objection been timely.

Although courts are ordinarily bound to enforce party stipulations (see Matter of New York, Lackawanna & W. R.R. Co., 98 NY 447, 453 [1885]), where a party has in the interests of judicial economy stipulated to the admission of voluminous materials and there are among them scattered items, both prejudicial and ordinarily inadmissible that may reasonably have escaped counsel's attention, there is no rule preventing an exercise of judicial discretion to relieve the party, at least in part, from the stipulation, particularly where doing so would not significantly prejudice the other side.  The trial court here did not take a contrary view in declining to redact the record as defendant requested.  It ruled as it did not because it understood the parties' stipulation categorically to preclude relief of the sort sought, but because significant unobjected-to testimony had already been received respecting the disputed notation on exhibit 17C.  While the court might have exercised

its discretion differently, its decision not to revisit the issue of the notation's admissibility, cannot under the circumstances be characterized as an abuse of discretion, as would be necessary for it to qualify as a predicate for relief in this Court (see People v Carroll, 95 NY2d 375, 385 [2000]). Although the stipulation was not irreversibly binding, it was at least presumptively enforceable and defendant offered no plausible excuse for failing earlier to seek an exception from its coverage. Assuming that the disputed notation might have reasonably escaped notice before trial -- and that is at best questionable -- it was prominently referenced in Mr. Irizarry's testimony, but even then elicited no contemporaneous protest.

This moreover was not a situation in which the receipt of an extrajudicial statement resulted in a denial of the constitutional right of confrontation. The notation was not testimonial hearsay (see Crawford v Washington, 541 US 36 [2004]); at worst its admission ran counter to evidentiary rules of nonconstitutional provenance and was, in light of other evidence in the case received without even belated objection, practically redundant. Indeed, a different exercise of discretion by the trial court to exclude the note and redact record references to it, would not have materially altered the evidentiary equation. The lender's pertinent loan service notes, also admitted pursuant to the parties' pretrial stipulation, contain essentially duplicative entries in which the loan officer

identified as the author of the disputed notation on exhibit 17C, represented that she telephoned "Al" Gary's business on January 12, 2007 and orally confirmed with an individual referred to as "Allen Gary" Mr. Martin's employment, position and income.

We have considered defendant's remaining points and find them to be without merit.

*   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

Order affirmed, in a memorandum.  Chief Judge Lippman and Judges Pigott, Rivera, Abdus-Salaam, Stein and Fahey concur.

Decided November 18, 2015