■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NEVILLE MULLINGS, Appellant. [44 NYS3d 550]—Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Honorof, J.), rendered September 30, 2014, convicting him of conspiracy in the fourth degree (two counts) and official misconduct (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

In July 2010, the defendant was charged with grand larceny, conspiracy, and related crimes, all arising from his alleged participation, with several codefendants, in a bid-rigging scheme involving the New Cassel Revitalization Project, an initiative intended to effectuate the development of eight sites in the downtown corridor of New Cassel. After a jury trial, the defendant was convicted of two counts of conspiracy in the fourth degree and two counts of official misconduct.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant moved to set aside the verdict pursuant to CPL 330.30 (1) on several grounds, none of which is at issue here. The People opposed the motion and, in reply, the defendant raised an entirely new claim, i.e., that the verdict should be set aside on the ground of newly discovered evidence. Thus, the defendant's claim of newly discovered evidence was improperly raised for the first time in reply to the People's opposition papers. In any event, the defendant failed to establish that the alleged newly discovered evidence was of such a character as to create a probability that, had it been received in evidence, the verdict would have been more favorable to him (*see* CPL 330.30 [3]; *People v Salemi*, 309 NY 208 [1955]; *People v Ali*, 123 AD3d 1137, 1138 [2014]).

The defendant waived his contention that the Supreme Court violated the continuous deliberation rule set forth in CPL 310.10 (*see People v Garcia*, 24 AD3d 308, 309 [2005]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contentions are without merit. Rivera, J.P., Hall, Roman and Connolly, JJ., concur.