■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICK WILLIAMS, Appellant. [45 NYS3d 503]—Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Honorof, J.), rendered September 30, 2014, convicting him of conspiracy in the fourth degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

In July 2010, the defendant was charged with grand larceny, conspiracy, and related crimes, all arising from his alleged participation, with several codefendants, in a bid-rigging scheme involving the New Cassel Revitalization Project, an

initiative intended to effectuate the development of eight sites in the downtown corridor of New Cassel. After a jury trial, the defendant was convicted of two counts of conspiracy in the fourth degree.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's contention that his conviction of conspiracy to commit grand larceny is repugnant to his acquittal of grand larceny in the first and second degrees is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Oreckinto*, 236 AD2d 635 [1997]). In any event, the contention is without merit, as the crime of conspiracy is an offense separate from the crime that is the object of the conspiracy (*see People v McGee*, 49 NY2d 48, 57 [1979]; *People v Torres*, 118 AD2d 821 [1986]).

The defendant waived his contention that the trial court violated the continuous deliberation rule set forth in CPL 310.10 (*see People v Garcia*, 24 AD3d 308, 309 [2005]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contentions are without merit. Rivera, J.P., Hall, Roman and Connolly, JJ., concur.