People v Morrow (2019 NY Slip Op 03622)





People v Morrow


2019 NY Slip Op 03622


Decided on May 8, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY, JJ.


2016-11618
 (Ind. No. 531/15)

[*1]The People of the State of New York, respondent,
v
Rahjon Morrow, appellant.


Rahjon Morrow, Stormville, NY, appellant pro se.
Madeline Singas, District Attorney, Mineola, NY (Judith R. Sternberg and Jared A. Chester of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Helene Gugerty, J.), rendered October 18, 2016, convicting him of attempted murder in the second degree, assault in the first degree, and criminal possession of a weapon in the second degree (two counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's current challenges to the grand jury proceeding are unpreserved for appellate review, since he failed to make a timely pretrial motion to dismiss the indictment raising the grounds now urged (see People v Brown, 81 NY2d 798, 799; People v Brims, 145 AD3d 1025, 1027; People v Forde, 140 AD3d 1085, 1087; People v Del Carpio, 166 AD2d 605, 606). In any event, the challenges are without merit.
The defendant's contention that the evidence was legally insufficient to establish his guilt is unpreserved for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 491-492; People v Gray, 86 NY2d 10, 19). In any event, viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Bleakley, 69 NY2d 490). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's challenge to certain remarks the prosecutor made on summation is unpreserved for appellate review (see CPL 470.05[2]; People v Katehis, 117 AD3d 1080, 1081; People v Gross, 88 AD3d 905, 906). In any event, the challenged remarks constituted fair comment on the evidence and the reasonable inferences to be drawn therefrom, or fair response to defense counsel's summation, or otherwise did not deprive the defendant of a fair trial (see People v Bass, 164 AD3d 1463, 1464; People v Allen, 157 AD3d 810, 811).
The defendant contends that judicial bias deprived him of a fair trial. This contention is unpreserved for appellate review (see CPL 470.05[2]; People v Prado, 4 NY3d 725, 726; People v Bedell, 84 AD3d 1733, 1734). In any event, the record does not support the defendant's contention (see People v Holmes, 151 AD3d 1181, 1184; People v Argentieri, 66 AD3d 558, 559; People v Mao-Sheng Lin, 50 AD3d 1251, 1253).
The defendant's contention that he was deprived of the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record and, thus, constitutes a "mixed claim" of ineffective assistance (People v Maxwell, 89 AD3d 1108, 1109; see People v Evans, 16 NY3d 571, 575 n 2). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety, and we decline to review the claim on the direct appeal (see People v Freeman, 93 AD3d 805, 806; People v Maxwell, 89 AD3d at 1109).
We agree with the Supreme Court's denial, without a hearing, of the defendant's motion to set aside the verdict pursuant to CPL 330.30. The defendant failed to proffer grounds appearing on the face of the record (see CPL 330.30[1]; People v Hines, 97 NY2d 56, 61; People v Amato, 238 AD2d 432, 433), requiring reversal as a matter of law (see CPL 330.30[1]; People v Green, 92 AD3d 894, 896; People v Rohlehr, 87 AD3d 603, 604; People v Miller, 68 AD3d 1135, 1135), or to allege the discovery of evidence which, if received into evidence, would have created a probability of a more favorable verdict (see CPL 330.30[3]; People v Mullings, 146 AD3d 816, 817; People v Ali, 123 AD3d 1137, 1138).
The defendant's remaining contentions are without merit.
DILLON, J.P., LEVENTHAL, HINDS-RADIX and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court