People v Wilson (2019 NY Slip Op 05299)





People v Wilson


2019 NY Slip Op 05299


Decided on June 28, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 28, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, LINDLEY, DEJOSEPH, AND TROUTMAN, JJ.


743 KA 17-00419

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
TAUREAN L. WILSON, DEFENDANT-APPELLANT. 






THOMAS L. PELYCH, HORNELL, FOR DEFENDANT-APPELLANT.


 Appeal from a judgment of the Steuben County Court (Joseph W. Latham, J.), rendered June 29, 2016. The judgment convicted defendant, upon a jury verdict, of conspiracy in the fourth degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of conspiracy in the fourth degree (Penal Law
§ 105.10 [1]). Defendant's conviction stems from an incident in which he and three codefendants drove from New Jersey and parked their vehicle near a mobile home in Bath at approximately 4:30 a.m. The resident of the mobile home, hearing the unusual sound of car doors closing outside her residence, called the police. When the police arrived less than two minutes later, defendant and codefendants fled and were apprehended shortly thereafter. The police later found, inter alia, an airsoft pellet gun, head coverings, gloves, and garbage bags in the area near where defendant was apprehended.
Defendant contends that the verdict is repugnant because the jury acquitted him of attempted burglary in the second degree. We reject that contention. " [A] conviction will be reversed [as repugnant] only in those instances where acquittal on one crime as charged to the jury is conclusive as to a necessary element of the other crime, as charged, for which the guilty verdict was rendered' " (People v Madore, 145 AD3d 1440, 1441 [4th Dept 2016], lv denied 29 NY3d 1034 [2017], quoting People v Tucker, 55 NY2d 1, 7 [1981], rearg denied 55 NY2d 1039 [1982]; see generally People v Muhammad, 17 NY3d 532, 538-541 [2011]). If "there is a possible theory under which a split verdict could be legally permissible, it cannot be repugnant, regardless of whether that theory has evidentiary support in a particular case" (People v DeLee, 24 NY3d 603, 608 [2014] [internal quotation marks omitted]). Upon reviewing the elements of the two crimes as charged to the jury (see id.), we conclude that the verdict of guilty of conspiracy in the fourth degree is not repugnant to the acquittal of attempted burglary in the second degree (see People v Gary, 115 AD3d 760, 761 [2d Dept 2014], affd 26 NY3d 1017 [2015]; People v Williams, 146 AD3d 821, 822 [2d Dept 2017], lv denied 29 NY3d 1088 [2017]). Conspiracy in the fourth degree "is an offense separate and distinct from the crime" of attempted burglary in the second degree (People v Bavisotto, 120 AD2d 985, 986 [4th Dept 1986], lv denied 68 NY2d 912 [1986], cert denied 480 US 933 [1987]), and the two crimes have "different basic elements" (People v Smith, 61 AD2d 91, 98 [4th Dept 1978]).
We reject defendant's contention that the evidence is legally insufficient to establish that an agreement existed between defendant and his codefendants to commit burglary in the second degree. "A conspiracy consists of an agreement to commit an underlying substantive crime (here, [burglary in the second degree]), coupled with an overt act committed by one of the conspirators in furtherance of the conspiracy" (People v Caban, 5 NY3d 143, 149 [2005]; see Penal Law §§ 105.10 [1]; 105.20). An "agreement[, either express or implied,] may be established inferentially by circumstances indicating that defendant engaged in a common effort or acted in concert with others to achieve a common goal" (People v Givens, 181 AD2d 1031, [*2]1031 [4th Dept 1992], lv denied 79 NY2d 1049 [1992]; see generally People v Reyes, 31 NY3d 930, 931 [2018]; People v Smoke, 43 AD3d 1332, 1333 [4th Dept 2007], lv denied 9 NY3d 1039 [2008]). Viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), we conclude that " there is a valid line of reasoning and permissible inferences from which a rational jury could have found [an agreement to commit burglary in the second degree] beyond a reasonable doubt' " (People v Danielson, 9 NY3d 342, 349 [2007]). In addition, viewing the evidence in light of the elements of the crime as charged to the jury (see id.), we reject defendant's contention that the verdict is against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Entered: June 28, 2019
Mark W. Bennett
Clerk of the Court