People v Rivera (2021 NY Slip Op 50042(U))

[*1]

People v Rivera (Chassan)

2021 NY Slip Op 50042(U) [70 Misc 3d 136(A)]

Decided on January 22, 2021

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on January 22, 2021
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Edmead, P.J., Higgitt, McShan JJ.

19-385

The People of the State of New York,
Respondent, 
against
Chassan Rivera, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New
York County (Michael Gaffey, J.), rendered March 12, 2019, upon his plea of guilty, convicting
him of unlicensed driving, and imposing sentence.

Per Curiam.
Judgment of conviction (Michael Gaffey, J.), rendered March 12, 2019, affirmed.
Defendant pleaded guilty to unlicensed driving (see Vehicle and Traffic Law §
509[1]) in satisfaction of an accusatory instrument charging both unlicensed driving and
aggravated unlicensed operation of a motor vehicle (see Vehicle and Traffic Law §
511[1][a]). With respect to the offense to which he pleaded guilty, the information was
jurisdictionally valid because it set forth nonhearsay allegations which, "establish, if true, every
element of the offense charged and the defendant's commission thereof" (CPL 100.40[1][c]; see People v Middleton, 35 NY3d
952, 954 [2020]; People v
Wheeler, 34 NY3d 1134, 1135 [2020]). The instrument recited that defendant was
observed operating a motor vehicle, and that a computer check run by the arresting officer of the
records of the New York State Department of Motor Vehicles revealed that defendant's license
was revoked, based upon three speeding or misdemeanor convictions within an 18-month period,
and had not been reinstated. These allegations were sufficient for pleading purposes to establish
that defendant was not "duly licensed" to operate the vehicle he was driving (Vehicle and Traffic
Law § 509[1]; see People v Foster, 57 Misc 3d 136[A], 2017 NY Slip Op 51272[U] [App
Term, 1st Dept 2017], lv denied 30 NY3d 1060 [2017]). Defendant's knowledge that he was not
duly licensed is not an element of the offense of unlicensed driving, and need not be pleaded (see
People v Stoute, 59 Misc 3d 126[A], 2018 NY Slip Op 50338[U] [App Term, 1st Dept 2018],
lv denied 31 NY3d 1122 [2018]; see also People v Pacer, 6 NY3d 504, 513 [2006]).
Since the information was jurisdictionally valid with respect to the offense to which
defendant pleaded guilty, he is not aggrieved by any alleged defects in the other charged offense
(see People v Ruiz, 146 AD3d
417 [2017], lv denied 28 NY3d 1188 [2017]; People v Valentin, 66 Misc 3d 136[A], 2020 NY Slip Op
50044[U][App Term, 1st Dept 2020], lv denied 35 NY3d [*2]945 [2020]).
All concur
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

Clerk of the Court
Decision Date: January 22, 2021