People v McPherson (2022 NY Slip Op 50890(U))

[*1]

People v McPherson (Carl)

2022 NY Slip Op 50890(U) [76 Misc 3d 130(A)]

Decided on September 22, 2022

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on September 22, 2022
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Brigantti, J.P., Tisch, Michael, JJ.

570677/17

The People of the State of New York,
Respondent,
against
Carl McPherson, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New
York County (Phyllis Chu, J.), rendered April 3, 2017, convicting him, upon his plea of guilty, of
unlicensed driving and imposing sentence.

Per Curiam.
Judgment of conviction (Phyllis Chu, J.), rendered April 3, 2017, affirmed.
In view of defendant's knowing waiver of his right to prosecution by information, the
accusatory instrument only had to satisfy the reasonable cause requirement (see People v Dumay, 23 NY3d
518, 522 [2014]). So viewed, the accusatory instrument was jurisdictionally valid because it
described facts of an evidentiary nature establishing reasonable cause to believe that defendant
was guilty of unlicensed driving (see Vehicle and Traffic Law § 509[1]). Sworn
police allegations that defendant operated a motor vehicle, and that a computer check by the
officer of the records of the New York State Department of Motor Vehicles revealed that
defendant's license had been revoked and was not reinstated, were sufficient to establish the
elements of the offense, including that defendant was not "duly licensed" to operate the vehicle
he was driving (Vehicle and Traffic Law § 509[1]; see People v Rivera, 70 Misc 3d 136[A], 2021 NY Slip Op
50042[U] [App Term, 1st Dept 2021], lv denied 36 NY3d 1100 [2021]; People v Foster, 57 Misc 3d
136[A], 2017 NY Slip Op 51272[U] [App Term, 1st Dept 2017], lv denied 30 NY3d
1060 [2017]).Allegations that defendant knew or should have known that his license was
suspended or revoked were not required to support the offense of unlicensed driving (see People v Stoute, 59 Misc 3d
126[A], 2018 NY Slip Op 50338[U] [App Term, 1st Dept 2018], lv denied 31 NY3d
1122 [2018]). 
Since the instrument was jurisdictionally valid with respect to the offense to which defendant
pleaded guilty, he is not aggrieved by any alleged defects in the other charged offense (see People v Ruiz, 146 AD3d 417
[2017], lv denied 28 NY3d 1188 [2017]). 
The record establishes that defendant's guilty plea was knowingly, voluntarily and
intelligently entered with the aid of counsel, and after the court sufficiently advised defendant of
the constitutional rights he would be giving up by pleading guilty (see People v
Conceicao, 26 [*2]NY3d 375 [2015]; People v Sougou, 26 NY3d 1052
[2015]). Since knowledge that his license had been suspended or revoked was not an element of
the offense (see People v Stoute, 59
Misc 3d 126[A]), defendant's statement during his plea allocution that he was unaware that
his license had been suspended did not call into question the voluntariness of the guilty plea or
require a sua sponte inquiry by the court. In any event, the only relief defendant requests is
vacatur of his conviction and the dismissal of the accusatory instrument, and he expressly
requests that this Court affirm his conviction if it does not grant dismissal. Since it cannot be said
that no penological purpose would be served by remanding the matter, dismissal is not warranted
and we affirm on this basis (see People v Conceicao, 26 NY3d at 385 n).
All concur
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
Clerk of the Court
Decision Date: September 22, 2022