People v Walls (2025 NY Slip Op 25125)

[*1]

People v Walls (Elijah)

2025 NY Slip Op 25125

Decided on May 9, 2025

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Miscellaneous Reports.

Decided on May 9, 2025
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : WAVNY TOUSSAINT, P.J., CHEREÉ A. BUGGS, LISA S. OTTLEY, JJ

2023-680 Q CR

The People of the State of New York, Appellant,
against
Elijah Walls, Respondent. 

Queens County District Attorney (Johnnette Traill, Ellen C. Abbot, Rachel Creiger and Jonathan Maseng of counsel), for appellant.
New York City Legal Aid Society (Alyssa Gamliel of counsel), for respondent.

Appeal from an order of the Criminal Court of the City of New York, Queens County (Marty J. Lentz, J.), dated April 11, 2023. The order granted defendant's motion to dismiss the accusatory instrument on statutory speedy trial grounds.

ORDERED that the order is reversed, on the law, defendant's motion to dismiss the accusatory instrument on statutory speedy trial grounds is denied, the accusatory instrument is reinstated, and the matter is remitted to the Criminal Court for all further proceedings.
On October 22, 2022, the People filed a misdemeanor complaint charging defendant with assault in the third degree (Penal Law § 120.00 [1], a class A misdemeanor), criminal trespass in the third degree (Penal Law § 140.10 [g], a class B misdemeanor), and harassment in the second degree (Penal Law § 240.26 [1], a violation). On January 20, 2023, at 6:07 p.m., the People electronically submitted to the Criminal Court, through the electronic document delivery system (EDDS), a supporting deposition, a certificate of compliance, a statement of readiness (SOR), a certificate under CPL 30.30 (5-a), and an affirmation of service. On the same day, the People also served these documents on the defense. The SOR and documents that the People submitted to the Criminal Court, which are in the court file, contain a digital date and time stamp that reads, "FILED: QUEENS COUNTY CRIMINAL COURT (EDDS) 01/20/2023 06:07 PM." 
Thereafter, defendant moved to dismiss the accusatory instrument on the ground that his statutory right to a speedy trial had been violated in that 91 days of delay were chargeable to the [*2]People because they submitted their SOR after business hours on January 20th, the 90th day. By order dated April 11, 2023, the Criminal Court (Marty J. Lentz, J.) granted defendant's motion, finding that the People were chargeable with 91 days of delay because "the People's delivery of a statement of readiness through the use of EDDS after the close of business [at] 6:07 p.m. on January 20, 2023 was effective January 21, 2023 . . . . beyond the 90th day under CPL 30.30 (1) (b)."[FN1]
On appeal, the People concede that, as of January 20, 2023, they were chargeable with 90 days of delay and argue, among other things, that the electronic submission of the SOR through EDDS at 6:07 pm on the 90th day should be considered timely. Defendant argues, among other things, that documents that are electronically submitted through EDDS are not "deemed filed" until reviewed by a clerk, and that "there is no record that the court clerk in this case 'deemed' the trial readiness documents filed on the date of their submission."
As the highest charge against defendant was a class A misdemeanor, the People had 90 days within which to announce their readiness for trial (see CPL 30.30 [1] [b]; People v Labate, 42 NY3d 184 [2024]). It is well settled that the requisite "readiness for trial" can be accomplished by "a written notice of readiness sent by the prosecutor to both defense counsel and the appropriate court clerk" "at a time when the People are truly ready to proceed" (People v Brown, 28 NY3d 392, 403-404 [2016] [internal quotation marks and citations omitted]; see also People v Chavis, 91 NY2d 500, 505 [1998]; People v Carter, 91 NY2d 795, 798 [1998]; People v Wilson, 86 NY2d 753, 754 [1995]; People v Smith, 82 NY2d 676, 678 [1993]; People v Kendzia, 64 NY2d 331, 337 [1985]).
Here, the People timely communicated their trial readiness to the clerk's office through EDDS on the 90th calendar day (see CPL 30.30 [1] [b]; General Construction Law § 19; Brown, 28 NY3d at 403; Chavis, 91 NY2d at 505; Smith, 82 NY2d at 678; Kendzia, 64 NY2d at 337; People v Licius, 82 Misc 3d 18, 20-21 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2023], lv granted 41 NY3d 984 [2024]), as demonstrated by the stamp that the SOR was "FILED" on January 20, 2023 at 6:07 p.m. Documents electronically submitted through EDDS are subject to review by the clerk before being "deemed filed" (Uniform Rules for Trial Cts [22 NYCRR] § 202.5-c [c] [3]), and no "FILED" date and time stamp is applied to an electronically submitted document until the clerk has accepted it for filing. Thus, the date and time stamp on the SOR herein demonstrates that it was retroactively deemed to have been properly filed on the date it was electronically submitted, January 20, 2023, and we therefore find that the speedy trial clock stopped on that date (see Licius, 82 Misc 3d at 21).
We pass on no other issue and note that any issue raised for the first time in reply papers was not properly before the motion court, and we need not consider such issues on appeal (see People v Mullings, 146 AD3d 816, 817 [2017]). 
In view of the foregoing, and as the record does not otherwise indicate that the People were not ready for trial when they filed their SOR on January 20, 2023, defendant failed to establish that the People were chargeable with more than 90 days of delay.
Accordingly, the order is reversed, defendant's motion to dismiss the accusatory instrument on statutory speedy trial grounds is denied, the accusatory instrument is reinstated, and the matter is remitted to the Criminal Court for all further proceedings.
TOUSSAINT, P.J., BUGGS and OTTLEY, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 9, 2025

Footnotes

Footnote 1: January 21, 2023 was a Saturday.