People v Singh (2025 NY Slip Op 51669(U))

[*1]

People v Singh

2025 NY Slip Op 51669(U)

Decided on October 10, 2025

Criminal Court Of The City Of New York, Bronx County

Goodwin, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on October 10, 2025
Criminal Court of the City of New York, Bronx County

The People of the State of New York,

against
N. Singh, Defendant.

Docket No. CR-014536-25BX

For the defense: Addison Jeske (The Legal Aid Society)
For the People: Bronx ADA Chandler Eller

David L. Goodwin, J.

In the main branch of her omnibus motion, defendant N. Singh [FN1]
seeks to dismiss the accusatory instrument on grounds of facial insufficiency. (Her request for hearings and other omnibus relief is addressed in a separate form order filed alongside this one.) But as explained below, the accusatory instrument contains sufficient non-hearsay allegations to establish both reasonable cause and all elements of the charged counts, which are driving while intoxicated or impaired under V.T.L. § 1192(1), (2), and (3), and unlicensed driving under V.T.L. § 509(1). Accordingly, the branch of the motion that seeks dismissal is DENIED.
I.
According to the accusatory instrument, on May 21, 2025, the deponent police officer responded to the scene of a traffic accident "in front of 1191 Boston Road" in the Bronx. Accusatory Instrument at 1. Upon arriving at the scene, the officer saw a banged-up black car that was pressed against two other parked cars, both of which showed signs of damage.
The police officer also observed the defendant, Ms. Singh, standing about one block away from the apparent collision. Upon approaching her, the police officer allegedly perceived signs of intoxication, such as bloodshot eyes and incoherent speech.
Either on her own or after prompting—the instrument does not specify—Singh allegedly told the police officer
The black [car] is my car. . . . I was driving from a friend's house after watching the Knicks game to pick up my [spouse], a car hit me and I lost control crashing into two parked unattended vehicles, I was drinking Hennessy, I had one shot.
Id. at 2. Singh "failed to produce a valid driver's license" during the encounter, and eventually [*2]blew a .147 at the precinct. Id. The accusatory instrument says nothing about whether someone else was in the car with Singh, either directly or by implication.
The People charged Singh with driving while intoxicated, driving while intoxicated per se, and driving while ability impaired—V.T.L. § 1192(3), (2), and (1), respectively—as well as unlicensed driving, V.T.L. § 509(1). At a May 2025 arraignment, the People filed DWI paperwork and a DMV abstract—the latter of which showed that Singh had a learner permit, not a full license [FN2]
—and thus converted the complaint into a misdemeanor information. See Defense's Mot., Exs. B-C.
Singh filed her omnibus motion in September 2025, arguing (among other things) that all counts of the misdemeanor information were facially insufficient and should be dismissed. Her motion is fully briefed and ripe for decision.

II.
A count of a misdemeanor information is facially sufficient if supported by allegations that, taken as true and with all reasonable inferences drawn in the People's favor, provide reasonable cause to believe the defendant committed the charged offense while establishing every element of the charge through allegations that are not hearsay. See People v. Ocasio, 28 NY3d 178, 180 (2016); People v. Jackson, 18 NY3d 738, 741, 747 (2012). A statement that would otherwise be hearsay can satisfy the every-element requirement of a misdemeanor information if it is "admissible under some hearsay rule exception." People v. Casey, 95 NY2d 354, 361 (2000). "Reasonable cause" is otherwise synonymous with probable cause, People v. Maldonado, 86 NY2d 631, 635 (1995), and requires a showing that would convince an ordinary person that the offense was likely committed, C.P.L. § 70.10(2). The allegations and pleaded facts must be read in a fair and not overly restrictive or technical way, People v. Hatton, 26 NY3d 364, 370 (2015), and be evaluated in the context of "common sense [and] the significance of the conduct alleged," People v. Gonzalez, 184 Misc 2d 262, 264 (App. Term, 1st Dept. 2000).

III.
The § 1192 charges share the common elements of (1) operation of a vehicle (2) on a public road (3) in an intoxicated or impaired condition. People v. Valera, 58 Misc 3d 369, 375 (N.Y.C. Crim. Ct., Bronx Co. 2017) (Collins, J.). Singh focuses her sufficiency challenge on operation while intoxicated, arguing that the pleaded facts are impermissible hearsay (in part), are consistent with an innocent explanation for her conduct, or are otherwise conclusory.[FN3]

Beginning with hearsay, she contends her own statements did not establish operation because they were "implicit hearsay" in contravention of People v. Casey, 95 NY2d 354 (2000). But Singh admitted to the police officer that she "was driving" the black car. Accusatory Instrument at 2. As an admission of a material fact, the statement would be admissible against her on the element of operation, and thus could satisfy that element for the purposes of facial sufficiency. See People v. Caban, 5 NY3d 143, 151 n.* (2005); People v. Chico, 90 NY2d 585, 589 (1997); see also People v. Suber, 19 NY3d 247, 250 (2012) (clarifying that the admission-[*3]corroboration requirement of C.P.L. § 60.50 "has no bearing on the adequacy of charging instruments that provide the bases for prosecutions"). So while it is true that the police officer did not see Singh drive the car, Defense's Aff. ¶¶ 21-25, Singh's own statements are more than adequate to establish operation.
Furthermore, the relied-upon portion of People v. Casey did not hold that any ambiguity in the hearsay status of a statement must be construed against conversion or sufficiency. Instead, Casey dealt with an ambiguity created by the phrase "advised by the complainant," which indicated that the deponent officer was relaying information from a third party—and which, in context, could be read to apply to more than one of the following sentences. Casey, 95 NY2d at 361; see also Br. for the Appellant in People v. Casey, 2000 WL 34065313, at *2-3 (reciting the relevant part of the complaint, while observing that the supporting deposition did not cure the ambiguity). That ambiguity about which statements could be hearsay is not at issue here, however, as Singh's statements are admissible in this context despite being hearsay, and the officer did not otherwise relay information from any other person. Any other hearsay issues that are not apparent from the face of an instrument are "latent" deficiencies that do not undermine facial sufficiency or "require dismissal." People v. Slade, 37 NY3d 127, 137 (2021).
Singh responds that her statements, even if admissible, do not themselves make out reasonable cause to believe she was driving while intoxicated because they are consistent with innocent explanations of her conduct. For instance, they could support an "innocuous version of events in which Ms. Singh operated a motor vehicle, was hit and crashed her car, left her car, drank one shot of Hennessy, and then encountered [the police officer] from the scene of the crash" and allegedly told the officer that the black car was her car. Id. ¶ 28; see also id. ¶¶ 26-27, 29, 32, 38; Defense's Reply Aff. ¶¶ 5, 7, 9 (emphasizing that Singh's statements imply "that she was drinking after" driving or "became intoxicated or impaired after operating a motor vehicle").
However, that reading is far from the only reasonable one—and sufficiency review requires drawing all reasonable inferences in favor of the People, not the defense.[FN4]
See Jackson, 18 NY3d at 747; see also People v. Hood, — AD3d —, 2025 NY Slip Op. 05199, at *1 (1st Dept. 2025) (concluding that reasonable cause was established through inferences "drawn from the sworn allegations"); People v. Aponte, 45 Misc 3d 29, 30 (App. Term, 1st Dept. 2014) (concluding that reasonable cause and offense elements were established through pleaded facts and reasonable inferences drawn from those facts). For that reason, a potentially innocuous construction does not undermine sufficiency if another, less-innocuous one is plausible and not so overwhelmed by the innocent explanation as to be lacking in reasonable cause. See People v. John-Connor, 57 Misc 3d 142(A), 2017 NY Slip Op. 51396(U), at *1 (App. Term, 1st Dept. [*4]2017) (potentially innocent explanations were "irrelevant on this pleading stage inquiry").[FN5]

Here, the reading urged by the People—that Singh drank, then drove while intoxicated or impaired—is plausibly supported by the facts and reasonable inferences drawn from those facts. The innocent explanation Singh advances may be the right one, but that is better addressed as an "issue for trial." People v. Wilson, 30 Misc 3d 138(A), 2011 NY Slip Op. 50222(U), at *1 (App. Term, 9th & 10th Jud. Dists. 2011).
Finally, Singh labels the allegations conclusory and thus insufficient to establish reasonable cause or the elements of the offenses. An allegation is conclusory if it pleads a legal label disguised as a fact, or expresses "a factual inference without stating the underlying facts on which the inference is based." Conclusory, Black's Law Dictionary (12th ed. 2024); see also Charles B. Campbell, Elementary Pleading, 73 La. L. Rev. 325, 366 (2013) ("In practical terms, then, the conclusory label should be restricted to allegations that repeat an element of the claim without saying what happened that makes the pleader believe that the element is satisfied."). In asserting that the allegations fall under this definition, Singh relies primarily on People v. Dreyden, 15 NY3d 100 (2010), and People v. Persaud, 49 Misc 3d 1206(A), 2015 NY Slip Op. 51494(U) (N.Y.C. Crim. Ct., Bronx Co. 2015) (Montano, J.).
However, these allegations are not conclusory. Singh admitted to driving, which is far more than an unsupported assertion that she was "operating" a motor vehicle. See People v. Prescott, 95 NY2d 655, 662 (2001) (defining operation as reaching more conduct than just driving). Driving falls comfortably within the definition of operation. See id.
Neither of the relied-on decisions requires a contrary outcome. Dreyden involved an officer describing a recovered knife as a gravity knife without explaining why it was a gravity knife. See Dreyden, 15 NY3d at 104-05. And in Persaud, the defendant's car was alleged to be "operating on the above location" with no supporting facts or details. Persaud, 2015 NY Slip Op. 51494(U), at *1-2. Those allegations pleaded legal conclusions in the guise of facts. These, by contrast, do not.
In sum, the § 1192 charges are facially sufficient. They withstand Singh's motion to dismiss.
Singh also attacks the V.T.L. § 509(1) unlicensed driving count, contending that the misdemeanor information does not adequately allege (1) she operated a vehicle on a public highway, (2) did so without a license, or (3) knew that she was unlicensed. Defense's Aff. ¶¶ 42, 47. As to the first two elements, she asserts that the factual part of the instrument makes no mention of a public highway, id. ¶¶ 46, 50-51, and the DMV abstract (which can be considered as part of facial sufficiency) indicates that she possessed a learner permit, which is a type of driver's license, id. ¶¶ 45, 48 (citing V.T.L. §501(1), (5)).
But the instrument clearly states that the alleged offense took place on 1191 Boston Road [*5]in the Bronx. See People v. Tardif, 58 Misc 3d 31, 33 (App. Term 1st Dept. 2017) (considering "date, time and location of the offense" in assessing facial sufficiency of disorderly conduct charge). While the instrument does not specifically allege that Boston Road is a public highway as defined by V.T.L. § 134 ("Any highway, road, street, avenue, alley, public place, public driveway or any other public way."), motorists generally "drive their vehicles on roadways." People v. Music, 47 Misc 3d 1222(A), 2015 NY Slip Op. 50744(U), at *3 (N.Y.C. Crim. Ct., Bronx Co. 2015) (Montano, J.). And with very few exceptions, roadways to which the public has "a general right of passage" fall under the umbrella of § 134, City of New York v. Beam Bike Corp., 206 AD3d 447, 448 (1st Dept. 2022) (internal quotation marks and citation omitted), and would therefore count as public highways for the purposes of § 509(1). Barring anything that might suggest that the public lacks a right of passage over Boston Road—and given plenty of indications to the contrary in the instrument—the public highway element is satisfied.
Moreover, since there was nobody else in the car, Singh's learner permit is not a license for the purposes of the § 509(1) count. A person with a learner permit cannot drive without the "immediate supervision" of a licensed driver. V.T.L. § 501(5)(a)(ii), (b)(i); cf. People v. Abuziyad, 56 Misc 3d 33, 34-35 (App. Term, 2d, 11th & 13th Jud. Dists. 2017) (concluding that sufficient evidence supported a trial conviction under § 509(1) because the defendant, who had a learner permit, was not accompanied by a licensed driver).
For the first time in her reply, Singh argues that the instrument failed to allege that she was not under the supervision of another person, and was therefore defective based on the subsequent revelation that she may have held a learner permit. Defense's Reply Aff. ¶ 12. The usual rule is that arguments raised for the first time in a reply brief need not be considered because an adversary has no chance to respond to them absent an authorized sur-reply. See People v. Walls, — Misc 3d —, 2025 NY Slip Op 25125, at *2 (App. Term, 2d, 11th & 13th Jud. Dists. 2025). But facial sufficiency issues (other than hearsay) are jurisdictional, and can be raised at any time, including for the first time on appeal. See People v. Dreyden, 15 NY3d 100, 103 (2010); People v. Mason, 62 Misc 3d 75, 77 (App. Term, 2d, 11th, & 13th Jud. Dists. 2019).
In any event, Singh did not show a valid driver's license to the police officer, creating a rebuttable presumption she was not duly licensed. See V.T.L. § 507(2); see also People v. Harris, 69 Misc 3d 128(A), 2020 NY Slip Op. 51127(U), at *1 (App. Term., 2d, 11th, & 13th Jud. Dists. 2020) (applying the presumption to a facial sufficiency challenge). Singh points to no authority suggesting that a § 509(1) charge premised on driving without a license, and grounded on a failure to display a license—not just on possession of a permit—requires the People to affirmatively plead that the person who did not show a license to officers was not accompanied by a supervised driver, at least when (as here) there is no indication that anybody else was in the car or otherwise supervising the alleged driver. The pleaded allegations support the reasonable inference here that Singh was unsupervised.
As to the knowledge element, Singh relies on the McKinney's annotations to V.T.L. § 509, which describe a 2001 case called People v. Maple that was printed in the Law Journal but is apparently unavailable online. That decision acknowledged there were "no reported decisions" at that time on whether § 509(1) required a knowledge element, and therefore read one into the statute on fairness grounds despite the statute not explicitly containing that element. Defense's Aff. ¶ 44.
Regardless of the state of the law in 2001, however, there have been plenty of binding, precedential decisions in the intervening decades holding that § 509(1) lacks a knowledge [*6]element. See, e.g., People v. Lopez, 84 Misc 3d 1, 2-3 (App. Term 1st Dept. 2024) (observing that § 509(1) "lacks the [required] element of knowledge that one's license had been suspended or revoked"); People v. McPherson, 76 Misc 3d 130(A), 2022 NY Slip Op. 50890(U), at *1 (App. Term 1st Dept. 2022) ("Allegations that defendant knew or should have known that his license was suspended or revoked were not required to support the offense of unlicensed driving . . . ."). Singh's reliance to the contrary on a twenty-year-old trial court decision—and on People v. Branch, 44 Misc 3d 1224(A), 2014 NY Slip Op. 51297(U) (N.Y.C. Crim. Ct., Kings Co. 2014) (Montelione, J.), which addressed a V.T.L. § 511(1) count, not a § 509(1) count—is therefore misplaced.
Finally, Singh contends that the facial insufficiency of any of the counts should result in the dismissal of the entire instrument, because the People's statement of readiness would be rendered illusory pursuant to C.P.L. § 30.30(5-a), which requires a certification that all counts are facially sufficient. Because the counts are all sufficient, this argument is academic; and, were things otherwise, it would be rejected for substantially the reasons set forth in People v. Taylor, — Misc 3d —, 2025 NY Slip Op 25137, at *2-4 (N.Y.C. Crim. Ct., Bronx Co. 2025).

 * * *
For the reasons set forth above, the branch of the motion seeking dismissal is DENIED.
Dated: October 10, 2025
Bronx, NY
David L. Goodwin
Judge of the Criminal Court

Footnotes

Footnote 1:The version of this decision submitted for publication has been lightly redacted to remove certain identifying information.

Footnote 2:This decision assumes, without deciding, that (as the defense states) the DMV abstract reflects Singh held a learner permit.

Footnote 3:Singh's public highway arguments focus on the § 509 count. They are addressed below, but would fare much the same here.

Footnote 4:The defense appears to rely on a strict chronological reading of the statement, while assuming that it was made as one, uninterrupted response. In Singh's reasoning, since "I was drinking" came after "I lost control," she drank only after she lost control. But "was drinking" is different from "and then I decided to get a drink." The former is, at worst, ambiguous—and in the domain of facial sufficiency, ambiguity does not necessarily help the defense.

Footnote 5:Also, the Appellate Term has clarified that statements like these can still establish the elements of a § 1192 charge even if partially exculpatory. For instance, in People v. Dolan, 1 Misc 3d 32 (App. Term, 1st Dept. 2003), the statement "I was driving and the guy in front of me slammed on the brakes" was still used to establish sufficiency in a drunk driving case even though the defendant had blamed another motorist for causing the accident. Id. at 34.