■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v GREGORY J. FARRELL, Respondent. — Appeal by the People from an order of the County Court, Nassau County (Santagata, J.), dated August 5, 1981, which granted defendant's motion to suppress physical evidence and oral statements allegedly made by him at or around the time of his arrest. Order reversed, on the

law, and matter remitted to the County Court, Nassau County, for further proceedings consistent herewith. Defendant was indicted for criminal possession of a weapon in the third degree and operating a motor vehicle while his license was revoked. Officer Cantiello testified that on July 29, 1980 at 11:11 P.M. he responded to the scene of an automobile accident at the intersection of Connecticut Street and West Beach Street in Long Beach, Nassau County. At that location he observed a Chevrolet with front-end damage and a Volkswagen with rear-end damage. In response to the officer's request, defendant produced a driver's license in the name of "Gary Farrell" and a registration for the Chevrolet in the name of a woman. Defendant admitted that he had been driving the Chevrolet. During his conversation with defendant, Officer Cantiello observed that defendant's speech was slurred and that he staggered. Since there was no straight line in the roadway, Officer Cantiello instructed defendant to walk straight ahead, until he was told to stop. While performing this task, Officer Cantiello observed "a definite stagger" in defendant's gait, i.e., he staggered in a "zig-zag fashion". Officer Cantiello did not smell an odor of alcohol on defendant's person. The officer did not recall either driver answering in the affirmative to his initial inquiry in regard to whether anyone was injured. Officer Cantiello informed the defendant that he was under arrest, that he would be taken to headquarters for a breathalyzer test, and that his car would be impounded. A tow truck was called and while another officer safeguarded the vehicle, defendant was removed to police headquarters. Shortly thereafter, another officer arrived at the scene and inventoried the car's contents prior to it being towed away. While lifting out a brown leather case left on the car floor, the contents fell out of the side which was not zippered closed. Among the spilled contents was a gun and hospital forms in the name of "Gregory Farrell". At the precinct, the defendant was informed of his *Miranda* rights and voluntarily submitted to a breathalyzer test. The results of the breathalyzer test, administered at approximately 12:25 A.M., established that the defendant had .03 of one per centum of alcohol in his blood. When confronted with the name "Gregory" and the gun, defendant allegedly made incriminating statements in regard to the crimes charged in the indictment. Three friends of the defendant, one allegedly a passenger in the vehicle driven by defendant, testified that each had observed him at the scene of the accident and were of the opinion that he was not intoxicated. One witness stated that defendant's speech was slurred in his characteristic manner of speaking and his gait was typically "rocking". The County Court erred in finding that slurred speech and a staggered gait, absent an odor of alcohol on the person of the defendant, were facts insufficient to establish probable cause to arrest him for driving while intoxicated, where there has been a rear-end accident outside the officer's presence. Since it is possible to produce intoxicating beverages which can be imbibed without leaving any odor (*People v Butts*, 21 Misc 2d 799, 804, citing Joint Legislative Committee Report, NY Legis Doc 1953, No. 25, pp 11-12) the absence of an odor of alcohol would not necessarily negate a finding of reasonable cause for defendant's arrest. The only valid inquiry on this issue is whether, viewing the facts and circumstances as they appeared at the time of arrest, a reasonable person in the position of the officer could have concluded that the motorist had operated the vehicle while under the influence of intoxicating liquor. The mere absence of an odor of alcohol is insufficient to minimize the arresting officer's other observations as established by the record before us. The fact that there may actually be some other explanation for defendant's conduct is not material (see *Bruno v Commonwealth of Pa., Dept. of Trans.*, 422 A2d 217 [Penn]). Accordingly, we find there was reasonable cause to arrest defendant for driving while intoxicated. Since the County Court

determined that there was no probable cause to arrest defendant, it did not determine the issue of whether the car was lawfully impounded. Nor did the court render any findings as to the following issues of fact: (1) Whether defendant had provided an alternative means of securing his vehicle and its contents by entrusting the keys to passenger Theresa Russo, who admittedly did not possess a driver's license and, (2) If so, whether the vehicle was obstructing traffic? In view of the contradictory testimony of the prosecution and defense witnesses, resolution of the aforesaid issues of fact will turn on credibility. It is well settled that witnesses must be adjudged by their demeanor as well as their testimony and that the Trial Judge, who saw and heard the witnesses, is in a much better position to judge their testimony than an appellate court (see *People v Arcieri,* 8 AD2d 923). Accordingly, the case is remanded to the Judge who presided at the hearing, for findings of fact on the aforesaid issues and a determination, in the first instance, of the issue of whether the vehicle driven by defendant was lawfully impounded. Additionally, we note, that based on the undisputed facts, the warrantless search of the passenger compartment and the leather case found within the compartment cannot be upheld as a search incident to a lawful custodial arrest. Since the search of the passenger compartment and case occurred over one-half hour after the defendant had been transported to police headquarters, the search was not contemporaneously incidental to the arrest (cf. *New York v Belton,* 453 US 454). "[T]he reasons that have been thought sufficient to justify warrantless searches carried out in connection with an arrest no longer obtain when the accused is safely in custody at the station house" (*Chambers v Maroney,* 399 US 42, 47). Nor is the automobile exception, as recently construed by the Court of Appeals in *People v Belton* (55 NY2d 49), applicable. Beside the fact that the search was not contemporaneous with the arrest, the prosecution and defense witnesses did not allege any circumstances to give the officers "reason to believe that the car may contain evidence related to the crime for which the occupant was arrested or that a weapon may be discovered or a means of escape thwarted" (*People v Belton, supra,* p 55). Needless to say, absent probable cause to believe the vehicle contained contraband, the recent holding of the United States Supreme Court, in *United States v Ross* (456 US 798) is also not applicable. Lazer, J. P., Gibbons, Gulotta and Bracken, JJ., concur.