■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v GEORGE BLAJESKI, Respondent.—Appeal by the People from an order of the Supreme Court, Queens County (Di Tucci, J.), dated August 6, 1985, which granted the defendant's motion to suppress physical evidence.

Ordered that the order is reversed, on the law and the facts, the motion to suppress is denied, and the matter is remitted to the Supreme Court, Queens County, for further proceedings.

On March 5, 1985, at approximately 5:00 A.M., while on duty in a radio motor patrol car in Queens County, New York City Police Officer Paul Heider observed a vehicle occupied by the defendant and two other males stopped at the curb with its motor running. Heider characterized this area as a "drug-prone location". After observing the vehicle for about 10 minutes, Heider approached the vehicle and asked the defendant why he was stopped at that location and to produce identification. Heider observed that the defendant's eyes were bloodshot, his speech was slurred and his breath smelled of alcohol. On the basis of his observations, Heider arrested the defendant for driving while intoxicated. A search of the defendant's person conducted following his arrest produced a quantity of cocaine and diazepam, a prescription drug.

Upon the defendant's motion, the Supreme Court granted suppression of the physical evidence. It found that Heider lacked a reasonable suspicion to believe that the defendant was engaged in criminal activity.

Since the defendant's vehicle was already stopped, Officer Heider needed only an articulable reason to warrant the brief inquiry which he made of the defendant (see, *People v Harrison,* 57 NY2d 470, 475; *People v De Bour,* 40 NY2d 210). A police officer may approach a private citizen on the street "when there is some objective credible reason for that interference not necessarily indicative of criminality" (*People v De Bour, supra,* at p 223).

Heider's observations of the defendant's bloodshot eyes,

slurred speech and the odor of alcohol on his breath *(see, People v Farrell,* 89 AD2d 987), while the motor was running *(see, People v Marriott,* 37 AD2d 868), gave him probable cause to arrest the defendant for a violation of Vehicle and Traffic Law § 1192. The evidence seized incident to that arrest should not be suppressed *(see, People v Troiano,* 35 NY2d 476). Bracken, J. P., Niehoff, Eiber and Sullivan, JJ., concur.