■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL R. HILKER, Appellant.—Kane, J. P. Appeals (1) from a judgment of the County Court of Tioga County (Monserrate, J.), rendered March 31, 1986, upon a verdict convicting defendant of the crime of operating a motor vehicle while under the influence of alcohol, and (2) by permission, from an order of said court, entered January 20, 1987, which denied defendant's motion pursuant to CPL 440.20 to set aside the sentence following his conviction, without a hearing.

At about 12:30 A.M. on August 8, 1985, defendant was

operating a 1984 Chevrolet Camero in the Village of Owego, Tioga County, when he failed to negotiate a curve, left the highway and struck a tree. His passengers were a female companion, Secrette Reed, and a daughter by a former marriage, Amy Jo Hilker, age 14. As a result of head injuries sustained by Reed, she suffers from permanent and devastating brain damage to the extent that she is unable to care for herself.

Prior to the accident, the parties involved had been at a cookout at a friend's home where defendant had consumed a quantity of beer. The investigating officers at the scene of the subsequent accident detected the odor of alcohol on defendant's breath, found beer containers in the vehicle and were advised by defendant that he had been drinking. As a result, he was arrested for driving while intoxicated, advised of his rights and asked to submit to a blood test. He refused. Accordingly, the arresting officer, pursuant to Vehicle and Traffic Law § 1194-a, secured a court order for a blood test which revealed defendant's blood alcohol content as .14%.

Thereafter, in a two-count indictment, defendant was indicted for the crime of vehicular assault in the second degree (Penal Law § 120.03) and operating a motor vehicle while under the influence of alcohol, a misdemeanor (Vehicle and Traffic Law § 1192 [2]). After a jury trial, following a denial of the motion for suppression of the results of the blood test, defendant was acquitted of vehicular assault, but found guilty of driving while under the influence of alcohol and sentenced to a maximum term of one year in the county jail. On April 8, 1986, execution of the sentence was stayed pending appeal pursuant to CPL 460.50 (4). On November 20, 1986, defendant moved to set aside the sentence of imprisonment pursuant to CPL 440.20 based upon his completion of the drinking driving program provided by Vehicle and Traffic Law § 521. The motion was denied by County Court and this court granted leave to appeal.

First, we reject defendant's contention that, pursuant to CPL 710.20 (5), the motion to suppress the results of the blood test should have been granted. Defendant argues that since the arresting officer, Frank Barner, testified throughout all proceedings that, in his opinion, defendant had not operated his motor vehicle in a legally intoxicated condition, but only with his ability impaired by alcohol, his arrest for driving while intoxicated and the application for the blood seizure order, in which Barner swore that he believed defendant was intoxicated, were illegal. However, the legality of an arrest

under Vehicle and Traffic Law § 1193 is not conditioned upon whether the arresting officer specified the correct subdivision of Vehicle and Traffic Law § 1192, or upon his belief as to which subdivision had been violated. All that is required is that Barner have had reasonable cause to believe that defendant had violated Vehicle and Traffic Law § 1192 (see, Vehicle and Traffic Law § 1193; *People v Belcher*, 302 NY 529; *People v Blajeski*, 125 AD2d 582, *lv denied* 69 NY2d 877; *People v Farrell*, 89 AD2d 987, 988). Where, as here, the record demonstrates the requisite probable cause, the arrest was legal, as was the blood seizure order, since Barner properly concluded that defendant had refused to submit to a blood test (see, *Matter of Gilman v Passidomo*, 109 AD2d 1082). Thus, the test results, obtained pursuant to Vehicle and Traffic Law § 1194-a, were properly admitted to prove defendant's violation of Vehicle and Traffic Law § 1192 (see, Vehicle and Traffic Law § 1195 [1]). Finally, under all the circumstances presented, we conclude that the sentence imposed was neither harsh nor excessive, was properly within the discretion of County Court and, accordingly, not in contravention of the provisions of Vehicle and Traffic Law § 521 (c).

Judgment and order affirmed. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur. [See, 134 Misc 2d 420.]