■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES BAGLEY, Appellant. [621 NYS2d 166] —Mikoll, J. P. Appeal from a judgment of the County Court of Washington County (Berke, J.), rendered March 18, 1994, convicting defendant upon his plea of guilty of the crimes of manslaughter in the second degree, vehicular assault in the second degree and driving while intoxicated.

Defendant challenges the denial of his motion to suppress the result of a blood-alcohol test as determined from a blood sample extracted from him on June 23, 1993 at the direction of a police officer without defendant's consent or without court order. Defendant cites to *People v Goodell* (79 NY2d 869) as support for his position.

At the suppression hearing it was disclosed that defendant was involved in a two-car accident on State Route 22 in the Town of Putnam, Washington County, in which he was seri-

ously injured and the other driver was killed. Defendant was transported to Moses-Ludington Hospital, arriving at 9:45 P.M., and at 12:30 A.M. he was transferred via helicopter to Albany Medical Center. Investigator Richard Eggleston, who was at the scene of the accident briefly, arrived at Moses-Ludington Hospital at 10:00 P.M. He testified that he found defendant to be incoherent, lapsing into unconsciousness and delirious. Eggleston was informed by an officer of the Ticonderoga Police Department that the vehicle being operated by defendant had been involved in another accident just prior to the instant one. Eggleston testified that defendant exuded the smell of alcohol at the hospital and that defendant was unable to understand the significance of an arrest. Based on these circumstances, he ordered that a blood test be taken of defendant without any attempt to seek his consent or a court order. The Moses-Ludington Hospital report was presented by defendant. It indicated that at the time of admission defendant was "semi-conscious lapsing intermittently into unconsciousness".

County Court denied the motion to suppress evidence, finding that defendant would lapse in and out of consciousness, was delirious and incoherent while at Moses-Ludington Hospital during the time preceding the taking of the blood sample. The court also found that the smell of alcohol on defendant's breath, defendant's involvement in a fatal accident that evening and in a prior property damage accident just a short time before, gave reasonable cause to the police that defendant had operated his vehicle in violation of Vehicle and Traffic Law § 1192. County Court held that under the circumstances the formality of an arrest of defendant before the blood test was taken was an empty gesture.

We affirm. Eggleston clearly had reasonable cause to believe that defendant was operating a vehicle while impaired by the consumption of alcohol and a request for a blood test was entirely appropriate under the circumstances. The factual findings of County Court clearly support the finding of reasonable cause (see, People v Hilker, 133 AD2d 986, 988, lv denied 70 NY2d 875). The necessity of a formal arrest before the test was to be given was vitiated by defendant's unconsciousness and delirious condition.

Crew III, White, Casey and Peters, JJ., concur. Ordered that the judgment is affirmed, and matter remitted to the County Court of Washington County for further proceedings pursuant to CPL 460.50 (5).