*23 OPINION OF THE COURT
Memorandum.
Order reversed on the law, defendant’s motion to suppress evidence denied, and matter remanded to the court below for all further proceedings.
After a hearing, the court granted defendant’s motion to suppress evidence, concluding that the trooper lacked probable cause to arrest defendant for driving while intoxicated (Vehicle and Traffic Law § 1192 [2], [3]). The court made no credibility determinations, and ruled, in effect, that the hearing evidence was legally insufficient to establish probable cause.
Upon our review of the evidence (e.g. Orminski v Village of Lake Placid, 268 AD2d 780 [2000]), we find that the People established probable cause for defendant’s arrest, at the very least for driving while impaired in violation of Vehicle and Traffic Law § 1192 (1), although defendant was not specifically so charged.
“[T]he legality of an arrest ... is not conditioned upon whether the arresting officer specified the correct subdivision of Vehicle and Traffic Law § 1192, or upon his belief as to which subdivision had been violated. All that is required is that [the officer] have had reasonable cause to believe that defendant had violated Vehicle and Traffic Law § 1192” (People v Hilker, 133 AD2d 986, 987-988 [1987]; see also People v Nesbitt, 1 AD3d 889, 890 [2003]).
Probable cause does not require “the same quantum of proof necessary [even] to . . . establish a prima facie case .... Rather, it need merely appear more probable than not that a crime has taken place and that the one arrested is its perpetrator” (People v Wright, 8 AD3d 304, 307 [2004] [citations and internal quotation marks omitted]; People v Hill, 146 AD2d 823, 824 [1989] [same]). Thus, the proof is sufficient when “the existence of facts and circumstances . . . viewed as a whole, would lead a reasonable person possessing the same expertise as the arresting officer to conclude that an offense has been or is being committed” (People v Brown, 256 AD2d 414, 415 [1998]). Further, Vehicle and Traffic Law § 1192 (1) authorizes a conviction upon proof that a defendant, “by voluntarily consuming alcohol, . . . has actually impaired, to any extent, the physical and mental abilities which he is expected to possess in order to operate a vehicle as a reasonable and prudent driver” (People v Cruz, 48 NY2d 419, 427 [1979]; see also *24 People v McNamara, 269 AD2d 544, 545 [2000]; People v Wirtz, 128 AD2d 745, 746 [1987]; People v Peck, 16 Misc 3d 126[A], 2007 NY Slip Op 51213[U] [App Term, 9th & 10th Jud Dists 2007]). Compared to proof of intoxication, the quantum of proof necessary to support a conviction of driving while impaired, and, by implication, the proof required for an arrest therefor, is also “far less rigorous” (People v Reding, 167 AD2d 716, 717 [1990]).
Here, within minutes of receiving a radio report of an automobile accident, the trooper discovered defendant’s automobile, off the roadway and in a ditch, and observed open containers of an alcoholic beverage on the rear passenger seat. When the trooper interviewed defendant shortly thereafter, defendant admitted operation and exhibited slurred speech, bloodshot eyes and the strong odor of an alcoholic beverage on his breath. Upon such observations, the trooper properly arrested defendant for driving while impaired (Vehicle and Traffic Law § 1192 [1]; e.g. People v Bagley, 211 AD2d 882, 883 [1995]; People v Troche, 162 AD2d 483 [1990]; People v McCarthy, 135 AD2d 1113, 1114 [1987]; People v Blajeski, 125 AD2d 582, 582-583 [1986]; People v Rollins, 118 AD2d 949, 950 [1986]; People v Grodecki, 2001 NY Slip Op 40537[U] [App Term, 9th & 10th Jud Dists 2001]), irrespective of the particular offenses ultimately charged.
Accordingly, the order is reversed, defendant’s motion to suppress is denied, and the matter is remanded to the court below for all further proceedings.
Rudolph, EJ., McCabe and Scheinkman, JJ., concur.