The defendant’s contention that the evidence was legally insufficient to support his convictions is unpreserved for appellate review (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484, 491-492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant’s guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury’s opportunity to view the witnesses, hear *945 the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410 [2004], cert denied 542 US 946 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
The defendant contends that the trial court erred in admitting testimony from a detective regarding the defendant’s invocation of his right to remain silent, and that he was deprived of a fair trial by the elicitation of opinion testimony from another detective that when he interviewed the defendant, he told the defendant that the defendant had “major problems.” However, the court issued limiting instructions with respect to the testimony from the first detective and curative instructions with respect to the testimony from the second detective, and the defendant neither objected to the instructions given nor requested any additional relief. Under these circumstances, the instructions must be deemed to have cured any errors to the defendant’s satisfaction (see People v Seabrooks, 82 AD3d 1130, 1131-1132 [2011]; People v Campbell, 68 AD3d 890, 890-891 [2009]; People v Hamm, 42 AD3d 550, 551 [2007]).
The defendant was not deprived of the effective assistance of counsel, as the record reveals that defense counsel provided meaningful representation (see People v Benevento, 91 NY2d 708 [1998]).
The defendant’s contentions raised in Point II of his main brief, regarding the admission of testimony that he was a “liar” and had “anger issues,” and Point III (B) of his main brief, concerning the admission of certain testimony pursuant to People v Molineux (168 NY 264 [1901]), are unpreserved for appellate review and, in any event, are without merit. The defendant’s remaining contentions are without merit. Rivera, J.P., Chambers, Hall and Roman, JJ., concur.