12-3073-cv
Bobolakis v. DiPietrantonio

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

        At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of April, two thousand thirteen.

Present:
        PIERRE N. LEVAL,
        ROBERT A. KATZMANN,
        PETER W. HALL,
                *Circuit Judges*.

_____

DIMITRIOS BOBOLAKIS,

        *Plaintiff-Appellant*,

                v.                                                      No. 12-3073-cv

ANTHONY DIPIETRANTONIO, MICHAEL A. ZAICEK,
JAY SWART, THE TOWN OF YORKTOWN, NEW YORK,

        *Defendants-Appellees*,

JOHN DIPIETRANTONIO, individually, ROBERT ROE,
individually, JOSEPH CARUSO, PETER DOE, individually,
JOSEPH A. COLARUSSO,

        *Defendants*.

_____

For Plaintiff-Appellant:      RORY J. BELLANTONI, The Bellantoni Law Firm, LLP,
                              Scarsdale, NY

For Defendants-Appellees:     STUART E. KAHAN (Lois N. Rosen, *on the brief*), Oxman Tulis
                              Kirkpatrick Whyatt & Geiger, LLP, White Plains, NY


Appeal from the United States District Court for the Southern District of New York (Yanthis, *M.J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Dimitrios Bobolakis appeals from a July 11, 2012 judgment of the United States District Court for the Southern District of New York (Yanthis, *M.J.*), entered following the district court's grant of summary judgment to Defendants-Appellees Anthony DiPietrantonio, Michael A. Zaicek, Jay Swart, and the Town of Yorktown, New York. Bobolakis brings this action asserting claims for false arrest and malicious prosecution under 42 U.S.C. § 1983 and New York State law. These claims arise out of Bobolakis's arrest on October 6, 2009 for, *inter alia*, driving while his ability to drive was impaired by drugs in violation of the New York Vehicle and Traffic Law. On appeal, Bobolakis contends that the district court erred in granting summary judgment to the defendants. We presume the parties' familiarity with the underlying facts, procedural history, and the issues on appeal. Having reviewed the record *de novo*, we affirm.

Starting with the issue of probable cause, we find that Officer DiPietrantonio and Sgt. Zaicek had probable cause to arrest Bobolakis for violating New York's Vehicle and Traffic Law § 1192, which generally prohibits driving under the influence of alcohol or drugs. Probable cause is a complete defense to a claim of false arrest. *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996).

2

The officers arrested Bobolakis for, *inter alia*, driving while his ability to drive was impaired by drugs in violation of N.Y. Veh. & Traf. Law § 1192(4). Bobolakis contends that before an officer has probable cause to arrest a suspect for driving while impaired by drugs, New York courts require evidence of: (1) admission to drug use by the suspect; (2) laboratory tests showing drug use; or (3) an examination by a certified Drug Recognition Expert ("DRE") who concludes that the suspect has ingested a controlled substance. *See People v. Rose*, 8 Misc. 3d 184, 185 (N.Y. Crim. Ct. 2005). Because the officers here had no such evidence when they arrested Bobolakis, he argues that the arrest was not supported by probable cause. We disagree.

The line of cases Bobolakis points to requiring this specific evidence of drug use addresses what the government must set forth in the *charging instrument* in order to sustain a charge of driving while ability impaired by drugs. *See, e.g.*, *id.* (upholding charge based on evidence of DRE examination); *People v. Ortiz*, 6 Misc. 3d 1024, at *4 (N.Y. Crim. Ct. 2004) (explaining that New York State requires specificity in information charging a misdemeanor). No case he cites requires an examination by a DRE or a laboratory test before the officers have probable cause to *arrest* someone they suspect is driving under the influence of drugs. To the contrary, New York courts have noted that "[t]he legality of [a DUI] arrest is not conditioned upon whether the arresting officer specified the correct subdivision of Vehicle and Traffic Law § 1192, or upon his belief as to which subdivision had been violated. All that is required is that [the officer] have had reasonable cause to believe that defendant had violated [section] 1192." *People v. Hilker*, 133 A.D.2d 986, 987–88 (3d Dep't 1987). "The evidence of criminality [supporting probable cause to arrest] need not rise to the level necessary to support a conviction or *even be sufficient to establish a prima facie case . . . .*" *People v. Hill*, 146 A.D.2d 823, 824

3

(3d Dep't 1989) (emphasis added); *see also Curley v. Village of Suffern*, 268 F.3d 65, 70 (2d Cir. 2001) ("[T]he arresting officer does not have to . . . believe with certainty that the arrestee will be successfully prosecuted.").

In evaluating whether an officer had probable cause to make an arrest, we have explained that "probable cause to arrest exists when the officers have knowledge or reasonable trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." *Weyant*, 101 F.3d at 852.

> [A] claim for false arrest turns only on whether probable cause existed to arrest a defendant, and . . . it is not relevant whether probable cause existed with respect to each individual charge, or, indeed, any charge actually invoked by the arresting officer at the time of arrest. Stated differently, when faced with a claim for false arrest, we focus on the validity of the *arrest*, and not on the validity of each charge.

*Jaegly v. Couch*, 439 F.3d 149, 154 (2d Cir. 2006). Bobolakis argues that, taking the disputed facts in the light most favorable to him, the officers did not have probable cause to arrest him. Again, we disagree.

The undisputed facts show the following. Two separate drivers called 911 to report that Bobolakis was driving erratically on the highway, describing him as swerving in and out of his lane and into the oncoming traffic lane. The second 911 caller followed Bobolakis as he exited the highway to assist the dispatcher in sending police vehicles to respond. Coincidentally, Bobolakis pulled into the parking lot next to the Yorktown Police Department, where Officer DiPietrantonio, who had been dispatched to respond to the 911 calls, stopped him.

DiPietrantonio observed that Bobolakis was slurring his speech and asked him to exit his vehicle to perform field sobriety tests. During those tests, DiPietrantonio, assisted by Sgt.

4

Zaicek, found that Bobolakis's eye tracking lacked smooth pursuit and displayed nystagmus, *i.e.*, tremors; that Bobolakis was unable to recite the full alphabet; and that his eyes appeared glassy and watery. Although Bobolakis passed the breathalyzer test and did not smell of alcohol, Officer DiPietrantonio concluded that, based on the 911 calls and his own observations of Bobolakis's demeanor, Bobolakis had been driving under the influence of drugs. The officers therefore had probable cause to arrest Bobolakis. His false arrest claim fails.[1]

Bobolakis also contests the dismissal of his *Monell* claim against the Town of Yorktown. Because, however, the officers had probable cause to arrest Bobolakis, he suffered no violation of his constitutional rights and there is no basis for imposition of liability on the Town. *See Segal v. City of New York*, 459 F.3d 207, 219 (2d Cir. 2006) (explaining that *Monell* liability is not a separate cause of action but rather an extension of liability to a municipality when its employees act improperly).[2]

---

[1] On appeal, Bobolakis does not address the district court's dismissal of his claim for malicious prosecution. Accordingly, we do not reach it.

[2] We note that our reasoning differs slightly from the district court. Like us, the district court dismissed Bobolakis's *Monell* claim against Yorktown on the ground that "there [was] no underlying Fourth Amendment violation." But in its treatment of the underlying false arrest claim against the officers, the district court concluded only that the officers had at least "arguable" probable cause to arrest Bobolakis and were therefore entitled to qualified immunity. Finding an entitlement to qualified immunity is not the same as finding no underlying constitutional violation, and an individual defendant's immunity from suit does not transfer to the municipality. *See Lore v. City of Syracuse*, 670 F.3d 127, 164 (2d Cir. 2012) ("[Q]ualified immunity is a defense only on a claim asserted against an individual in his personal capacity. . . . [M]unicipalities have no immunity from damages for liability flowing from their constitutional violations."). Because, however, we conclude that the officers had probable cause to arrest Bobolakis and that there was therefore no constitutional violation, the district court's error in reasoning does not affect the outcome.

We have considered all of the plaintiff's remaining arguments and find them to be without merit. Accordingly, for the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK