People v Carbon (2020 NY Slip Op 50950(U))

[*1]

People v Carbon (Christine)

2020 NY Slip Op 50950(U) [68 Misc 3d 129(A)]

Decided on August 20, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on August 20, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : BRUCE E. TOLBERT, J.P., THOMAS A. ADAMS, JERRY GARGUILO, JJ

2019-957 D CR

The People of the State of New York,
Respondent,
against
Christine Carbon, Appellant. 

McCabe Coleman Ventosa & Patterson PLLC (David L. Steinberg of counsel), for
appellant.
Dutchess County District Attorney (Kirsten A. Rappleyea of counsel), for respondent.

Appeal from a judgment of conviction of the Justice Court of the Town of LaGrange,
Dutchess County (Stephen O'Hare, J.), rendered February 5, 2019. The judgment convicted
defendant, upon her guilty plea, of driving while impaired, and imposed sentence. The appeal
brings up for review an order of that court (Michael G. Hayes, J.) dated December 31, 2018, after
a hearing, denying defendant's motion to suppress evidence.

ORDERED that the judgment of conviction is affirmed.
Defendant was charged, in separate simplified traffic informations, with common law
driving while intoxicated (Vehicle and Traffic Law § 1192 [3]), driving while intoxicated
(per se) (Vehicle and Traffic Law § 1192 [2]), failing to dim headlights (Vehicle and Traffic
Law § 375 [3]), and failing to signal within 100 feet before turning (Vehicle and Traffic
Law § 1163 [b]), respectively. A limited Dunaway/Ingle hearing was conducted,
following which the Justice Court (Michael G. Hayes, J.) denied defendant's motion to suppress,
finding the arresting officer's testimony to be credible in all respects, but holding that defendant's
use of her high beams did not provide the arresting officer with probable cause to stop
defendant's vehicle. A disposition was subsequently reached, and defendant pleaded guilty to the
reduced charge of driving while impaired (Vehicle and Traffic Law § 1192 [1]) in full
satisfaction of all charges.
On appeal, defendant contends that the vehicle stop was unlawful. The hearing court [*2]found the arresting officer's testimony to be credible, a finding that
must be accorded deference unless clearly unsupported by the record (see People v Bookman, 131 AD3d
1258 [2015], affd 28 NY3d 967 [2016]). Upon our review of the record, we find no
reason to discredit the arresting officer's testimony that he had also observed defendant engage
her turn signal approximately 50 feet before making a right turn prior to his stopping defendant's
vehicle. The arresting officer's testimony described conduct which violated the mandatory
requirement of Vehicle and Traffic Law § 1163 (b) that "[a] signal of intention to turn right
or left when required shall be given continuously during not less than the last one hundred feet
traveled by the vehicle before turning." It is well settled that "a police officer who can articulate
credible facts establishing reasonable cause to believe that someone has violated a law has
established a reasonable basis to effectuate a [traffic] stop" (People v Guthrie, 25 NY3d 130, 133 [2015] [internal quotation
marks omitted]). Consequently, the traffic stop was lawful.
Accordingly, the judgment of conviction is affirmed.
TOLBERT, J.P., ADAMS and GARGUILO, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 20, 2020