People v Anzalone (2021 NY Slip Op 50830(U))

[*1]

People v Anzalone (Raymond)

2021 NY Slip Op 50830(U) [72 Misc 3d 140(A)]

Decided on August 19, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on August 19, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : TERRY JANE RUDERMAN, P.J., JERRY GARGUILO, TIMOTHY S.
DRISCOLL, JJ

2019-1259 S CR

The People of the State of New York,
Respondent,
against
Raymond Anzalone, Appellant. 

Suffolk County Legal Aid Society (Anju M. Alexander of counsel), for appellant.
Suffolk County District Attorney (Elena Tomaro and Marion Tang of counsel), for respondent.

Appeal from a judgment of the District Court of Suffolk County, First District (James W.
Malone, J.), rendered July 11, 2019. The judgment convicted defendant, upon a jury verdict, of
common-law driving while intoxicated, and imposed sentence. The appeal brings up for review
an order of that court dated January 3, 2019, after a hearing, denying the branch of defendant's
motion seeking to suppress all evidence.

ORDERED that the judgment of conviction is affirmed. 
Defendant was charged in an accusatory instrument with common-law driving while
intoxicated (Vehicle and Traffic Law § 1192 [3]). By order dated January 3, 2019, the
District Court denied the branch of defendant's motion seeking to suppress all evidence on the
ground that there was no probable cause for his arrest. Following a jury trial, defendant was
convicted as charged. 
Defendant contends that the District Court erred in denying the branch of his motion seeking
to suppress the evidence on the ground that his arrest was unlawful. Probable cause for an arrest
requires "information sufficient to support a reasonable belief that an offense has been or is being
committed" (People v Bigelow, 66 NY2d 417, 423 [1985]; see People v Kamenev, 179 AD3d
837, 838 [2020]). In determining the propriety of an arrest for violating Vehicle and [*2]Traffic Law § 1192, "[t]he only valid inquiry . . . is whether,
viewing the facts and circumstances as they appeared at the time of arrest, a reasonable person in
the position of the [arresting] officer could have concluded that the motorist had operated the
vehicle while under the influence of intoxicating liquor" (People v Farrell, 89 AD2d 987,
988 [1982]; accord People v
Hillman, 71 Misc 3d 127[A], 2021 NY Slip Op 50233[U] [App Term, 2d Dept, 9th
& 10th Jud Dists 2021]). Consequently, "the legality of [such] an arrest . . . is not
conditioned upon whether the arresting officer specified the correct subdivision of Vehicle and
Traffic Law § 1192, or upon his [or her] belief as to which subdivision had been violated.
All that is required is that [the officer] have had reasonable cause to believe that defendant had
violated Vehicle and Traffic Law § 1192" (People v Hilker, 133 AD2d 986, 987-988
[1987]; accord People v Freeman,
37 Misc 3d 142[A], 2012 NY Slip Op 52281[U] [App Term, 2d Dept, 9th & 10th Jud
Dists 2012]; People v Gingras, 22
Misc 3d 22, 23 [App Term, 2d Dept, 9th & 10th Jud Dists 2008]; see People v Andrews, 30 Misc 3d
133[A], 2010 NY Slip Op 52357[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2010]).

An arrest for violating Vehicle and Traffic Law § 1192 (1) "is authorized upon probable
cause that a defendant, by voluntarily consuming alcohol, has actually impaired, to any extent,
his or her ability to operate a vehicle as a reasonable and prudent driver" (People v Freeman, 37 Misc 3d
142[A], 2012 NY Slip Op 52281[U], at *2; see People v Cruz, 48 NY2d 419, 427
[1979]). "The quantum of proof necessary to support an arrest for driving while impaired is far
less rigorous than that required for driving while intoxicated" (People v Freeman, 37 Misc 3d
142[A], 2012 NY Slip Op 52281[U], at *2 [internal quotation marks omitted]; see People v Maher, 52 Misc 3d
136[A], 2016 NY Slip Op 51043[U] [App Term, 2d Dept, 9th & 10th Jud Dists
2016]).
Here, at the probable cause hearing, the arresting officer testified that he responded to an
accident and was informed, upon arrival, that defendant ran a red light and crashed into another
vehicle which was proceeding through a green light. When asked by the officer if he had
consumed alcohol, defendant admitted that he "had a maximum of five beers." Defendant
exhibited classic signs of intoxication—having bloodshot, glassy eyes, an odor of alcohol
on his breath, slurred speech and unsteady gait. Defendant failed the horizontal gaze nystagmus
field sobriety test administered at the scene of the accident, refused to submit to the
walk-and-turn test and the one-leg stand test, and became "loud" and aggressive as the officer
attempted to administer the walk-and-turn test. Defendant subsequently submitted to a prescreen
breath test, which yielded a positive result for the presence of alcohol. The District Court
expressly found the officer's testimony to be credible—a finding that must be accorded
deference unless clearly unsupported by the record (see People v Bookman, 131 AD3d 1258, 1260 [2015], affd
28 NY3d 967 [2016]; People v
Hillman, 71 Misc 3d 127[A], 2021 NY Slip Op 50233[U]; People v Carbon, 68 Misc 3d
129[A], 2020 NY Slip Op 50950[U] [App Term, 2d Dept, 9th & 10th Jud Dists
2020])—and there is no reason on this record to disturb that credibility determination.
Therefore, the arresting officer possessed probable cause to arrest defendant for a violation of
Vehicle and Traffic Law § 1192 (see People v Wesley, 151 AD3d 1270, 1271-1272 [2017];
People v Kowalski, 291 AD2d 669, 670 [2002]; People v Fox, 70 Misc 3d 139[A], 2021 NY Slip Op 50121[U]
[App Term, 2d Dept, 9th & 10th Jud Dists 2021]; People v Turner, 53 Misc 3d 130[A], 2016 NY Slip Op 51368[U]
[App Term, 2d Dept, 9th & 10th Jud Dists 2016]).
The District Court providently exercised its discretion in denying defendant's motion for a
mistrial based upon a prosecution witness's fleeting testimony indicating that defense counsel had
"tricked" her. "The decision whether to grant a mistrial lies within the sound discretion of the
trial court, which is in the best position to determine whether a mistrial is necessary to protect the
defendant's right to a fair trial" (People v
Morris, 189 AD3d 1077, 1079 [2020]; see People v Ortiz, 54 NY2d 288, 292
[1981]; People v Diaz, 189 AD3d
1063, 1066 [2020]). "In balancing the proper considerations, a court should consider 'the
availability of less drastic means of alleviating whatever prejudice may have resulted' from the
error" (People v Morris, 189 AD3d at 1079, quoting People v Young, 48 NY2d
995, 996 [1980]). In response to defendant's motion, the court struck the objectionable testimony
from the record, as requested by defense counsel, and issued a curative instruction that the jury
must disregard that testimony and could not consider it "at all," which the jury is presumed to
have followed (see People v Stone,
29 NY3d 166, 171 [2017]; People v
Baker, 14 NY3d 266, 274 [2010]; People v Martin, 141 AD3d 734, 736 [2016]), thereby eliminating
any prejudice associated with the jury's exposure to the testimony (see People v Stone, 29
NY3d at 171; People v Diaz, 189 AD3d at 1066; People v Mejia, 160 AD3d 899, 900 [2018]). We note that
defendant neither objected to the instruction given nor requested any further relief, and, thus, the
curative instruction "must be deemed to have corrected [any] error to . . . defendant's satisfaction"
(People v Heide, 84 NY2d 943, 944 [1994]; see People v Anselmo, 164 AD3d 1462, 1463 [2018]; People v Lacey, 99 AD3d 944, 945
[2012]). 
Defendant further contends that the conviction is not supported by legally sufficient evidence
because the People failed to establish that he was intoxicated. A person is guilty of driving while
intoxicated when he or she "has voluntarily consumed alcohol to the extent that he [or she] is
incapable of employing the physical and mental abilities which he [or she] is expected to possess
in order to operate a vehicle as a reasonable and prudent driver" (People v Cruz, 48 NY2d
419, 428 [1979]; see e.g. People v
Velasquez, 65 AD3d 1266, 1266 [2009]). Here, the People presented evidence that
defendant ran a red light and crashed into another vehicle at an intersection. It appeared to a
civilian witness that defendant did not honk his horn and did not make any effort to stop, slow
down or swerve his vehicle to avoid the collision. The arresting officer testified that defendant
exhibited classic signs of intoxication and admitted his alcohol consumption. Defendant failed
the horizontal gaze nystagmus field sobriety test, where defendant exhibited all of the six clues of
intoxication and refused to submit to two other field sobriety tests. The arresting officer's
testimony regarding defendant's physical signs of intoxication was corroborated by the testimony
of other prosecution witnesses. Viewing the foregoing evidence in the light most favorable to the
People (see People v Delamota, 18
NY3d 107, 113 [2011]; People v Acosta, 80 NY2d 665, 672 [1993]), we conclude
that it was legally sufficient to establish that defendant was intoxicated (see People v Farnsworth, 134 AD3d
1302, 1304 [2015]; People v
Zelaya, 65 Misc 3d 151[A], 2019 NY Slip Op 51873[U] [App Term, 2d Dept, 9th
& 10th Jud Dists 2019]). 
In conducting an independent review of the weight of the evidence (see CPL 470.15
[5]; People v Danielson, 9 NY3d
342, 348-349 [2007]), we accord great deference to the factfinder's opportunity to view the
witnesses, hear their testimony, and observe their demeanor (see People v Lane, 7 NY3d 888, 890 [2006]; People v
Mateo, 2 NY3d 383, 410 [2004]; People v Bleakley, 69 [*3]NY2d 490, 495 [1987]). Upon a review of the record, we find that
the conviction of common-law driving while intoxicated was not against the weight of the
evidence (see People v Hill, 60 Misc
3d 131[A], 2018 NY Slip Op 50999[U]).
Accordingly, the judgment of conviction is affirmed. 
RUDERMAN, P.J., GARGUILO and DRISCOLL, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 19, 2021