People v DeVito (2022 NY Slip Op 50438(U))

[*1]

People v DeVito (Nicholas)

2022 NY Slip Op 50438(U) [75 Misc 3d 131(A)]

Decided on May 23, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on May 23, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : TIMOTHY S. DRISCOLL, J.P., HELEN VOUTSINAS, BARRY E.
WARHIT, JJ

2019-509 N CR

The People of the State of New York,
Respondent,
against
Nicholas A. DeVito, Appellant. 

Nassau County Legal Aid Society (Tammy Feman and Dori Cohen of counsel), for appellant.
Nassau County District Attorney (Autumn S. Hughes and Benjamin A. Kussman of counsel), for
respondent.

Appeal from judgments of the District Court of Nassau County, First District (Andrew M.
Engel, J.), rendered January 8, 2019. The judgments convicted defendant, upon jury verdicts, of
driving while ability impaired by drugs, unlawful possession of marihuana and failure to
maintain a lane, respectively, and imposed sentences.

ORDERED that the judgments convicting defendant of driving while ability impaired by
drugs and failure to maintain a lane are affirmed; and it is further,
ORDERED that so much of the appeal as is from the judgment convicting defendant of
unlawful possession of marihuana is dismissed as academic.
Defendant was charged in separate accusatory instruments with driving while ability
impaired by drugs (Vehicle and Traffic Law § 1192 [4]), unlawful possession of marihuana
(Penal Law § 221.05) and failure to maintain a lane (Vehicle and Traffic Law § 1128
[a]), respectively.
At a combined Mapp/Huntley/Dunaway/Ingle hearing, Police Officers Palazzo and
Palumbo testified that, on January 12, 2017, at 1:40 a.m., defendant was observed by them
swerving at least three times over double yellow lines and braking excessively when there was no
traffic in front of defendant, and that after the stop, defendant had handed Palazzo a water bong
containing marihuana. Defendant stated to the officer that he had smoked marihuana at "10 p.m.,
yesterday." Evidence of defendant's impairment included the officers' observations of defendant's
glassy, bloodshot eyes, slurred speech, the odor of marihuana emanating from the vehicle and
from defendant, and his inability to perform well on several field sobriety tests. Officer Palazzo
concluded that defendant was impaired and arrested him. Following the hearing, the District
Court determined that the People established probable cause for defendant's arrest.
At a jury trial, the two police officers testified to the same effect as they had during the
hearing: that defendant's eyes were bloodshot, his speech was slurred and the odor of marihuana
emanated from defendant, and that the results of the field sobriety tests administered to defendant
at the scene, and later by another police officer after the arrest, showed that defendant had
performed poorly on most of the field sobriety tests. Furthermore, testimony by the Director of
Toxicology for Westchester County Department of Laboratories and Research and Division of
Forensic Toxicology established that a toxicology report revealed 1.3 micrograms per liter of
Delta 9 THC and 56.6 micrograms per liter of Carboxylic Acid Metabolite in defendant's blood,
which was consistent with someone who had smoked marihuana shortly before the arrest.
Finally, proof that there was "freshly burnt" marihuana in the bong was established by a forensic
scientist trainee. Defendant testified that he was stopped by the police because his vehicle had
been swerving and that he had last smoked marihuana at 10 p.m. on January 10th, approximately
27 hours before the stop. The jury convicted defendant of the three charges.
Prior to sentencing, defendant moved to set aside the verdicts pursuant to CPL 330.30 (1)
and (3) based upon newly discovered evidence allegedly relating to misconduct by Officer
Palazzo in an unrelated case. The trial court, without a hearing, denied defendant's motion.
Thereafter, the court sentenced defendant.
On appeal, defendant contends that the evidence convicting him of driving while ability
impaired is against the weight of the evidence, the CPL 330.30 motion to set aside the verdicts
should have been granted, the police lacked probable cause to arrest him and he was deprived of
his right to the effective assistance of counsel.
Defendant's conviction of unlawful possession of marihuana "became a nullity by operation
of law, independently of any appeal, and without requiring any action by this [c]ourt," pursuant
to CPL 160.50 [5], effective August 28, 2019 (People v Soodoo, 73 Misc 3d 16, 20 [App Term, 2d Dept, 9th
& 10th Jud Dists 2021]; People v
Disano, 67 Misc 3d 131[A], 2020 NY Slip Op 50439[U], *1 [App Term, 1st Dept
2020]). Consequently, so much of the appeal as is from the judgment convicting defendant of
unlawful possession of marihuana is dismissed as academic (see Soodoo, 73 Misc 3d
16).
Upon a defendant's request, this court must conduct a weight of the evidence review and,
thus, "a defendant will be given one appellate review of adverse factual findings" (People v Danielson, 9 NY3d 342,
348 [2007]; see also People v
Joyner, 126 AD3d 1002 [2015]). If a finding in favor of the defendant "would not have
been unreasonable" (People v Curry,
112 AD3d 843, 844 [2013]), then this court "must weigh conflicting testimony, review any
rational inferences that may be drawn from the evidence and evaluate the strength of such
conclusions" (Danielson, 9 NY3d at 348). Nonetheless, great deference is accorded to the
jury's opportunity to view the witnesses, hear their testimony, and observe their demeanor (see People v Lane, 7 NY3d 888,
890 [2006]; People v Bleakley, 69 NY2d 490, 495 [1987]). However, if it appears that
the jury failed to give the evidence the weight it should be accorded, then this court may set aside
the verdict and dismiss the accusatory instrument (see CPL 470.20 [5]; People v Romero, 7 NY3d 633,
643—644 [2006]; People v Mateo, 2 NY3d 383, 410 [2004]).
In order to be found guilty of driving while ability impaired by drugs, the People had to
establish, beyond a reasonable doubt, that defendant "operate[d] a motor vehicle while [his]
ability to operate such a motor vehicle [was] impaired by the use of a drug" (Vehicle and Traffic
[*2]Law § 1192 [4]). Application of the principles relating
to a review of the weight of the evidence warrants the conclusion that the verdict convicting
defendant of violating Vehicle and Traffic Law § 1192 (4) was not against the weight of the
evidence.
With respect to defendant's motion pursuant to CPL 330.30 to set aside the guilty verdicts as
to the charges of driving while impaired by drugs and failure to maintain a lane, we find that
defendant failed to proffer any grounds appearing on the face of the record (see CPL
330.30 [1]; People v Giles, 24
NY3d 1066, 1068 [2014]; People v Wolf, 98 NY2d 105, 119 [2002]) requiring
reversal as a matter of law (see CPL 330.30 [1]; People v Alfaro, 66 NY2d 985,
987 [1985]), or to allege the discovery of new evidence which, if received into evidence, would
have created a probability of more favorable verdicts (see CPL 330.30 [3]; People v Mullings, 146 AD3d 816,
817 [2017]; People v Ali, 123 AD3d 1137, 1138 [2014]). Here, the new evidence
discovered after the jury rendered its verdicts merely constituted impeachment material that had
little or no significance in the context of this case (see People v Salemi, 309 NY 208, 216
[1955]; People v Gerzof, 57 Misc
3d 144[A], 2017 NY Slip Op 51443[U] [App Term, 2d Dept, 9th & 10th Jud Dists
2017]). Consequently, the order denying defendant's motion to set aside the verdicts pursuant to
CPL 330.30 (1) and (3) should not be disturbed.
The record demonstrates that defense counsel's representation neither fell below an objective
standard of reasonableness nor prejudiced defendant and, thus, was in accordance with the
federal standard (see US Const Amend VI; Strickland v Washington, 466 US 668
[1984]). Moreover, the attorney provided defendant with meaningful representation in
accordance with the state standard (see NY Const, art I, § 6; People v
Benevento, 91 NY2d 708, 712 [1998]; People v Baldi, 54 NY2d 137 [1981]; People v Escobar, 181 AD3d 1194
[2020]). To the extent that defendant's contention may implicate matters of trial strategy which
are dehors the record and not reviewable on an appeal from the judgments of conviction,
defendant may raise this claim in a CPL 440.10 motion, so that it may be evaluated upon a
complete record (see People v Rivera, 71 NY2d 705, 709 [1988]; People v Chaplin, 16 Misc 3d
137[A], 2007 NY Slip Op 51741[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2007]).

With respect to defendant's contention that the officer lacked probable cause to arrest him,
we note that probable cause for an arrest requires "information sufficient to support a reasonable
belief that an offense has been or is being committed" (People v Bigelow, 66 NY2d 417,
423 [1985]; see People v Kamenev,
179 AD3d 837, 838 [2020]). In determining the propriety of an arrest for violating Vehicle
and Traffic Law § 1192 (4), "[t]he only valid inquiry . . . is whether, viewing the facts and
circumstances as they appeared at the time of arrest, a reasonable person in the position of the
[arresting] officer could have concluded that the motorist had operated the vehicle while under
the influence of [a drug]" (People v Farrell, 89 AD2d 987, 988 [1982]; accord People v Hillman, 71 Misc 3d
127[A], 2021 NY Slip Op 50233[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2021]).
Here, the officer's testimony regarding defendant's performance on the field sobriety tests
established an impairment of the cognitive and physical functioning necessary for reasonable and
prudent operation of a motor vehicle. Additionally, the officer's training and experience in
making hundreds of arrests involving marihuana, together with defendant's admission of having
previously smoked marihuana, his possession of drug paraphernalia, and his appearance, was
sufficient to establish probable cause to arrest defendant. The officer's testimony, credited by the
District Court, must be accorded deference unless clearly [*3]unsupported by the record (see People v Bookman, 131 AD3d 1258, 1260 [2015], affd
28 NY3d 967 [2016]; Hillman, 2021 NY Slip Op 50233[U]; People v Carbon, 68 Misc 3d
129[A], 2020 NY Slip Op 50950[U] [App Term, 2d Dept, 9th & 10th Jud Dists
2020])—and there is no basis upon this record to disturb that credibility determination.

Accordingly, the judgments convicting defendant of driving while ability impaired by drugs
and failure to maintain a lane are affirmed. The appeal from the judgment convicting defendant
of unlawful possession of marihuana is dismissed as academic.
DRISCOLL, J.P., VOUTSINAS and WARHIT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 23, 2022