People v Zoghby (2025 NY Slip Op 50496(U))

[*1]

People v Zoghby (Kyle)

2025 NY Slip Op 50496(U)

Decided on April 3, 2025

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 3, 2025
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : TIMOTHY S. DRISCOLL, J.P., GRETCHEN WALSH, ELENA GOLDBERG-VELAZQUEZ, JJ

2023-821 OR CR

The People of the State of New York, Appellant,
against
Kyle Zoghby, Respondent. 

Orange County District Attorney (Andrew R. Kass and Cynthia Dolan of counsel), for appellant.
Larkin Ingrassia PLLC (Matthew T. Bennett, III and John Ingrassia of counsel), for respondent.

Appeal from an order of the Justice Court of the Town of Mount Hope, Orange County (Joseph Hosking, J.), dated July 25, 2023. The order, insofar as appealed from, after a hearing, granted the branch of defendant's motion seeking to suppress evidence.

ORDERED that the order, insofar as appealed from, is reversed, on the law, the branch of defendant's motion seeking to suppress evidence is denied, and the matter is remitted to the Justice Court for all further proceedings before a different judge.
Defendant was charged with driving while intoxicated (per se) (Vehicle and Traffic Law § 1192 [2]), driving while intoxicated (common law) (Vehicle and Traffic Law § 1192 [3]), failing to keep right (Vehicle and Traffic Law § 1120 [a]), driving left of pavement markings (Vehicle and Traffic Law § 1126 [a]), and making an unsafe lane change (Vehicle and Traffic Law § 1128 [a]). Defendant subsequently moved to, among other things, suppress evidence.
At a hearing, the People produced Trooper Connor Cornine, Trooper Kenneth Raap (who was in his second phase of field training), and the body-worn camera video from each. The evidence established that, on May 21, 2022, after 1:30 a.m., defendant called 911 because he had crashed his car through a wooded area. The car went down an embankment, and ended up in a vacant lot on Mountain Road in Mount Hope with extensive front-end damage and deployed air bags. The roads were wet, and the video showed that it was misting at the time. When the [*2]troopers arrived, defendant, who was standing on the shoulder near the embankment, stated that he had been driving down the main road when he swerved to avoid a deer and crashed. Defendant declined medical attention. Both troopers testified that defendant had an odor of alcohol emanating from his breath, bloodshot watery eyes, impaired motor function, and "impaired" speech. Neither trooper testified that defendant's speech was slurred, and both acknowledged that defendant's speech was comprehensible and logical. The video evidence established that defendant's eyes were not bloodshot or watery and that defendant's speech was not slurred. The testimony and video both established that defendant stated that he was heading home to Otisville even though he was traveling southbound away from Otisville. Defendant also gave the troopers conflicting answers as to why he was traveling at that hour, first claiming his friend who needed a ride called and cancelled, and then claiming that he was coming from dropping his friend off at a specific location. Defendant stated that he had not consumed alcohol that night but did have a couple of drinks at "3 o'clock." When asked if he meant the prior afternoon, defendant first answered no before answering yes. 
Trooper Raap's body camera captured his administration of, and defendant's performance during, the horizontal gaze nystagmus test, the walk and turn test, and the one-leg stand test. Within seven minutes after removing chewing tobacco, defendant underwent a preliminary breath test administered by Trooper Cornine with a portable breathalyzer, which produced a positive result. It took five attempts to get an adequate sample from defendant because defendant kept sticking his tongue in the straw preventing air flow. On the second to last attempt, defendant said he was sorry that he put his tongue in the straw and that he did not mean to do it. Based on all the circumstances of the accident, defendant's interactions with the troopers, and defendant's performance on the tests, the troopers arrested defendant.
In an oral decision issued on July 25, 2023, insofar as relevant, the Justice Court (Joseph Hosking, J.) granted the branch of defendant's motion seeking to suppress evidence on the ground that the troopers lacked probable cause to arrest defendant for violating Vehicle and Traffic Law § 1192. Without any reference to the troopers' credibility, the Justice Court based its decision on the troopers' conduct captured by the videos, which was "totally different" from the judge's own prior experience and training as a police officer. The Justice Court found that the troopers had made many little mistakes but did not specify what the mistakes were, other than a mistake that occurred at the station house after defendant's formal arrest. The People appeal (see CPL 450.20 [8]; 450.50 [1]). 
In determining the propriety of an arrest for violating Vehicle and Traffic Law § 1192, "[t]he only valid inquiry . . . is whether, viewing the facts and circumstances as they appeared at the time of arrest, a reasonable person in the position of the [arresting] officer could have concluded that the motorist had operated the vehicle while under the influence of intoxicating liquor" (People v Farrell, 89 AD2d 987, 988 [1982]; accord People v Hillman, 71 Misc 3d 127[A], 2021 NY Slip Op 50233[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2021]). "[T]he legality of [such] an arrest . . . is not conditioned upon whether the arresting officer specified the correct subdivision of Vehicle and Traffic Law § 1192, or upon his [or her] belief as to which subdivision had been violated. All that is required is that [the officer] have had reasonable cause to believe that defendant had violated Vehicle and Traffic Law § 1192" (People v Hilker, 133 AD2d 986, 987-988 [1987]; accord People v Freeman, 37 Misc 3d 142[A], 2012 NY Slip Op [*3]52281[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2012]). Probable cause for an arrest under Vehicle and Traffic Law § 1192 need not always be premised upon the performance of field sobriety tests and failure to establish that the tests had been properly administered does not by itself necessarily diminish the strength of the remaining proof of probable cause (see People v Wallgren, 94 AD3d 1339, 1341 [2012]; People v Kowalski, 291 AD2d 669, 670, 671 [2002]; People v Maher, 52 Misc 3d 136[A], 2016 NY Slip Op 51043[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists 2016]). 
Moreover, Vehicle and Traffic Law § 1194 (1) (a) states that "a police officer may, without a warrant, arrest a person, in case of a violation of [Vehicle and Traffic Law § 1192 (1)], if such violation is coupled with an accident or collision in which such person is involved, which in fact has been committed, though not in the police officer's presence, when the officer has reasonable cause to believe that the violation was committed by such person." This statute is construed to expand the arrest authority to situations where the arresting officer neither witnessed the accident nor observed the driver's operation but where indicia of impairment are present (see e.g. Farrell, 89 AD2d at 988; Maher, 2016 NY Slip Op 51043[U], *2). The fact of an accident may be construed to circumstantially suggest diminished motor control or impaired driving judgment because of alcohol consumption, without regard to proof of fault (see Maher, 2016 NY Slip Op 51043[U], *2; People v Padmore, 44 Misc 3d 129[A], 2014 NY Slip Op 50988[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014] ["While the circumstances of the accident in this case, 'may have been capable of innocent explanation . . . they nonetheless supported an inference that a crime had been committed because the vehicle had been driven by a person under the influence of alcohol,' " quoting People v Booden, 69 NY2d 185, 188 (1987)]).
Contrary to defendant's contention, the inconsistencies between the troopers' testimony and the video evidence were not so great as to render the troopers' testimony entirely incredible (see Wallgren, 94 AD3d at 1341). The evidence of defendant's accident, his confusion, the odor of alcohol emanating from his breath, his contradicting stories about where he was traveling from, and his blocking the preliminary breath test with his tongue, which he claimed was accidental, without consideration of the standard field sobriety tests, established a proper basis for defendant's arrest, at the very least, for driving while impaired (see Vehicle and Traffic Law §§ 1192 [1]; 1194 [1] [a]; People v Crandall, 181 AD3d 1091, 1092 [2020]; People v Hogue, 136 AD3d 1351, 1353 [2016]; People v Reyes, 136 AD3d 443, 443 [2016]; People v Blajeski, 125 AD2d 582, 582-583 [1986]; Maher, 2016 NY Slip Op 51043[U], *2). 
In any event, we find, after careful review of the body worn camera video, that Trooper Raap sufficiently administered the horizontal gaze nystagmus test and the walk and turn test in accordance with the standards and procedures set forth in the National Highway Traffic Safety Administration Manual, on which he was trained. Consequently, defendant's performance during the horizontal gaze nystagmus test and the walk and turn test, along with the other indicia listed above, established a proper basis to arrest defendant for a violation of Vehicle and Traffic Law § 1192 (see People v Wesley, 151 AD3d 1270, 1271-1272 [2017]; Kowalski, 291 AD2d at 670; People v Anzalone, 72 Misc 3d 140[A], 2021 NY Slip Op 50830[U], *1 [App Term, 2d Dept, 9th & 10th Jud Dists 2021]; People v Fox, 70 Misc 3d 139[A], 2021 NY Slip Op 50121[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2021]). 
In view of the foregoing, we need not determine whether Trooper Raap properly [*4]administered the one-leg stand test or if his observations during the test could be considered in determining whether there was probable cause to arrest defendant for a violation of Vehicle and Traffic Law § 1192. Similarly, we need not determine what, if any, weight to give to the results of defendant's preliminary breath test taken within seven minutes after he removed chewing tobacco from his mouth.
Contrary to defendant's contention, the subjective knowledge and belief of the troopers, who were trained in administering the standard field sobriety tests, are irrelevant to the analysis because probable cause is assessed on all the relevant objective facts known to the troopers and not their subjective beliefs (see People v Levine, 72 Misc 3d 5, 8 [App Term, 2d Dept, 9th & 10th Jud Dists 2021]).
Accordingly, the order, insofar as appealed from, is reversed, the branch of defendant's motion seeking to suppress evidence is denied, and the matter is remitted to the Justice Court for all further proceedings before a different judge.
DRISCOLL, J.P., WALSH and GOLDBERG-VELAZQUEZ, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: April 3, 2025