Lawrence Newmark, J.
The defendant is charged with violations of subdivision [b] of section 306, section 319 and subdivision 1 of section 401 of the Vehicle and Traffic Law. All of these charges involve operating an uninspected, uninsured and unregistered vehicle on a public highway.
Only one question must be determined: does the paved sidewalk in front of and dirt driveway along side of a store constitute a part of a "public highway”?
Section 134 of the Vehicle and Traffic Law defines a "public highway” as: "Any highway, road, street, avenue, alley, public place, public driveway or any other public way.”
That definition does not clearly cover a sidewalk or driveway per se. Section 144 does define a sidewalk as: "That portion of a street between the curb lines, or the lateral lines of a roadway, and the adjacent property lines, intended for the use of pedestrians.”
A "driveway” is defined by section 114, which states: "Every entrance or exit used by vehicular traffic to or from lands or buildings abutting a highway.”
It is evident that by definition a "sidewalk” is part of a "street” and thus, must be termed a "public highway”. However, the "driveway” would only be a "public highway” if it may be termed a "public driveway”.
The test of whether or not a road or way is a "public highway” is not ownership but rather access. If the public has a general right of passage in motor vehicles, then the road or way will be considered to come under the term "public highway” (People v County of Westchester, 282 NY 224).
In People v Brenhouse (NYLJ, July 19, 1973, p 13, col 1), the Appellate Term of the Supreme Court in the Second Department said: "In our opinion, if the public has a general right of passage and unrestricted access to the road, it must be considered a public highway, regardless of actual ownership.”
Apparently, the driveway in question goes around the store and on one side is used as a parking facility. The driveway, from the exhibits submitted, certainly appears to give "pas *695 sage and unrestricted access to the road”, and thus, should be considered a "public highway”.
Since this court has determined that both the sidewalk in front of the store and the unpaved driveway along side fall into the general term "public highway”, the defendant must be found guilty of the afore-mentioned charges.
This matter is set down for sentencing on January 15, 1976 in Part I, 10:00 a.m.