■ THE PEOPLE OF THE STATE OF NEW YORK, by ROBERT ABRAMS, as Attorney-General, Respondent, v APPLE HEALTH AND SPORTS CLUBS, LTD., INC., et al., Appellants.—Order, Supreme Court, New York County (Irma Vidal Santaella, J.) entered March 5, 1991, which, inter alia, restrained respondents from transferring, withdrawing or otherwise disposing of any money in any bank account in the name of Apple Health and Sports Clubs, Ltd., Inc. ("Apple") and Thurcon Properties, Ltd. ("Thurcon") and directed respondents to file a bond in the amount of $500,000, unanimously affirmed, with costs.

It is alleged that the respondents operated four health clubs, now defunct, in violation of General Business Law § 622-a, in that no bond, irrevocable letter of credit, or certificate of deposit was filed with the Attorney-General.

In this special proceeding pursuant to Executive Law § 63 (12), the Attorney-General seeks inter alia, to enjoin respondents from violating the law and from entering into new membership contracts and renewing existing membership contracts.

While respondents maintain that a preliminary injunction was not warranted, the record clearly demonstrates petitioner's likelihood of success on the merits, and a balancing of the equities in petitioner's favor. (See, Albini v Solork Assocs., 37 AD2d 835.) Moreover, since the Legislature authorizes injunctive relief for fraudulent and illegal conduct such as that

which occurred here, proof of irreparable injury is unnecessary. *(See, Village of Pelham Manor v Crea,* 112 AD2d 415.)

Respondents contend that the imposition of a $500,000 bond was unconstitutional due to improper notice and an insufficient opportunity to be heard. However, the order to show cause and the pleadings clearly apprised respondents of the relevant facts and the relief sought, and sufficiently afforded respondents an opportunity to respond. *(See, Mullane v Central Hanover Trust Co.,* 339 US 306.) Moreover, the prayer for relief requested that the court grant "such other relief as may be deemed just and appropriate".

We have considered all other issues and find them to be meritless. Concur—Sullivan, J. P., Carro, Rosenberger, Asch and Kassal, JJ.