City of New York v Beam Bike Corp. (2022 NY Slip Op 03794)

City of New York v Beam Bike Corp.

2022 NY Slip Op 03794

Decided on June 09, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 09, 2022

Before: Kapnick, J.P., Mazzarelli, Gesmer, Shulman, Rodriguez, JJ. 

Index No. 451282/21 Appeal No. 16118 Case No. 2021-02402 

[*1]City of New York, Plaintiff-Respondent,
v
Beam Bike Corp., Doing Business as Joco Bikes, Defendant-Appellant.

Windels Marx Lane & Mittendorf, LLP, New York (Scott R. Matthews of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Elian Drucker of counsel), for respondent.

Order, Supreme Court, New York County (Lyle E. Frank, J.), entered on or about June 29, 2021, which granted plaintiff City of New York's (the City) motion for a preliminary injunction, unanimously affirmed, without costs.
The court providently exercised its discretion in granting the City's motion for a preliminary injunction (see Nobu Next Door, LLC v Fine Arts Hous., Inc., 4 NY3d 839, 840 [2005]). A municipality seeking a preliminary injunction to enforce compliance with its ordinances or regulations in order to protect the public interest — in this case, Administrative Code of City of NY § 19-151(c) — need only demonstrate a likelihood of success on the merits and that the equities weigh in its favor (see County of Westchester v United Water New Rochelle, 32 AD3d 979, 980 [2d Dept 2006]); it is not required to show proof of irreparable harm (see People v Apple Health & Sports Clubs, 174 AD2d 438, 438-439 [1st Dept 1991], affd 80 NY2d 803 [1992]; see also e.g. People ex rel. Bennett v Laman, 277 NY 368, 383-384 [1938]).
As to the City's likelihood of success on the merits, we find unavailing defendant's argument that it does not operate a "bicycle sharing system" within the meaning of Rules of City of New York Department of Transportation (DOT) (34 RCNY) § 4-01(b), or a "shared bicycle system" within the meaning of Vehicle and Traffic Law § 1243(1), because its users' trips begin and end in a private parking garage, as opposed to a "public highway." On the contrary, for something to be a "public highway" within the meaning of Vehicle and Traffic Law § 134 — which defines that term as "[a]ny highway, road, street, avenue, alley, public place, public driveway or any other public way" — "it must be a way 'over which the public have a general right of passage'" (People v Thew, 44 NY2d 681, 682 [1978], quoting People v County of Westchester, 282 NY 224, 228 [1940]). Stated differently, "[t]he test of whether . . . a road or way is a 'public highway' is not ownership but rather access. If the public has a general right of passage . . . , then the road or way will be considered to come under the term 'public highway'" (People v Garcia, 85 Misc 2d 693, 694 [Dist Ct, Suffolk County 1975]; see People v Ostermeier, 118 Misc 2d 68, 71 [County Ct, Suffolk County 1983]). The fact that, in this case, the public has ready and unrestricted access to defendant's bikes obviates the fact that its bikes are technically docked on private property. Because DOT's interpretation of 34 RCNY 4-01(b) was neither irrational nor unreasonable, it was entitled to deference (see Matter of Gaines v New York State Div. of Hous. & Community Renewal, 90 NY2d 545, 548-549 [1997]), and thus establishes the City's likelihood of success on the merits.
Based on the evidence it submitted to the motion court concerning the importance of regulating the bicycle share system within its borders, and the public benefits that its bicycle share system endeavors to offer, the City also established [*2]that the equities balance in its favor.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 9, 2022