People v Crespo (2022 NY Slip Op 22261)

People v Crespo

2022 NY Slip Op 22261 [76 Misc 3d 10]

Accepted for Miscellaneous Reports Publication

Supreme Court, Appellate Term, Second Department, 9th and 
10th Judicial Districts

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, October 12, 2022

[*1]

The People of the State of New York, Respondent,
v
Leonardo Crespo, Appellant.

Supreme Court, Appellate Term, Second Department, 9th and 10th Judicial Districts, August 4, 2022

APPEARANCES OF COUNSEL

Scott Lockwood for appellant.
Suffolk County Traffic and Parking Violations Agency (Justin W. Smiloff of counsel) for respondent.

{**76 Misc 3d at 11} OPINION OF THE COURT

Memorandum.

Ordered that the judgments of conviction are reversed, on the facts, the simplified traffic informations are dismissed, and the fines, if paid, are remitted.
In separate simplified traffic informations, defendant was charged with, among other traffic infractions, failing to display an inspection certificate (Vehicle and Traffic Law § 306 [b]), parking an unregistered vehicle (Vehicle and Traffic Law § 402 [6]), and abandoning a vehicle (Vehicle and Traffic Law § 1224 [7]). At a nonjury trial, the prosecution's witness testified that he observed a vehicle at 1850 Route 112 in Coram and, in describing how he knew that the vehicle had been at the location for some time, he noted that it was located in a parking lot, "across two parking stalls." He did not provide a description of the parking lot or any further information about the location of the vehicle. After trial, defendant was found guilty of the [*2]aforementioned charges and was sentenced to pay various fines.
Defendant argues, among other things, that the convictions are against the weight of the evidence because there is nothing in the record from which the court could conclude that the vehicle was parked on a "public highway," an element of Vehicle and Traffic Law §§ 306 (b) and 402 (6), or that it was left on a "highway or public place," an element of Vehicle and Traffic Law § 1224 (7). "Necessarily, in conducting its weight of the evidence review, a court must consider the elements of the crime, for even if the prosecution's witnesses were credible their{**76 Misc 3d at 12} testimony must prove the elements of the crime beyond a reasonable doubt" (People v Danielson, 9 NY3d 342, 349 [2007]). If it appears that the factfinder failed to give the evidence the weight it should be accorded, this court may set aside the verdict and dismiss the accusatory instrument (see CPL 470.20 [5]; People v Romero, 7 NY3d 633, 643-644 [2006]; People v Mateo, 2 NY3d 383, 410 [2004]).
A public highway is defined in Vehicle and Traffic Law § 134 as "[a]ny highway, road, street, avenue, alley, public place, public driveway or any other public way." A "highway" is defined in Vehicle and Traffic Law § 118 as "[t]he entire width between the boundary lines of every way publicly maintained when any part thereof is open to the use of the public for purposes of vehicular travel." There is no statutory definition of "public place" in the Vehicle and Traffic Law. A "parking lot" is defined in Vehicle and Traffic Law § 129-b as
"[a]ny area or areas of private property near or contiguous to and provided in connection with premises having one or more stores or business establishments, and used by the public as a means of access to and egress from such stores and business establishments and for the parking of motor vehicles of customers and patrons of such stores and business establishments."
In order for a parking lot to be a "public highway" as defined by Vehicle and Traffic Law § 134, "it must be a way over which the public have a general right of passage" (People v Thew, 44 NY2d 681, 682 [1978] [internal quotation marks omitted]; see City of New York v Beam Bike Corp., 206 AD3d 447 [2022]; see also People v Larkin, 62 Misc 3d 62, 67 [App Term, 2d Dept, 9th & 10th Jud Dists 2018]). Without additional testimony describing the parking lot in which the car was found, the People failed to establish that the location fell within the definition of a "public highway" (Vehicle and Traffic Law § 134) or a "highway" (Vehicle and Traffic Law § 118), or that it was otherwise a "public place." Consequently, the verdicts were against the weight of the evidence, as the People failed to establish that the vehicle was left in a location that violated any of the statutes pursuant to which defendant was convicted.
In light of the foregoing, we reach no other issue.
Accordingly, the judgments of conviction are reversed and the simplified traffic informations are dismissed.{**76 Misc 3d at 13}
[*3]
Emerson, J.P., and Driscoll, J., concur; Voutsinas, J., taking no part.