People v Willoughby (2024 NY Slip Op 24108)

[*1]

People v Willoughby (Robert)

2024 NY Slip Op 24108

Decided on March 14, 2024

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Miscellaneous Reports.

Decided on March 14, 2024
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, P.J., JAMES P. McCORMACK, GRETCHEN WALSH, JJ

2023-424 W CR

The People of the State of New York, Respondent,
against
Robert Willoughby, Appellant. 

Robert Willoughby, appellant pro se.
Mount Vernon Corporation Counsel (Christine Lombert of counsel), for respondent4.

Appeal from three judgments of the City Court of Mount Vernon, Westchester County (Lyndon D. Williams, J.), rendered February 28, 2023. The judgments convicted defendant, after a nonjury trial, of, respectively, failing to display an inspection certificate on December 3, 2021, failing to display an inspection certificate on March 2, 2022, and parking an unregistered vehicle in violation of Code of the City of Mount Vernon § 256-8.1 (A), and imposed sentences.

ORDERED that the judgments of conviction are affirmed.
Following a nonjury trial, defendant was convicted of failing to display an inspection certificate (Vehicle and Traffic Law § 306 [b]) on December 3, 2021, failing to display an inspection certificate on March 2, 2022, and parking an unregistered vehicle in violation of Code of the City of Mount Vernon (Code) § 256-8.1 (A). On appeal, defendant contends, among other things, that Code § 256-8.1 (A) is preempted by the Vehicle and Traffic Law and, in effect, that the evidence was legally insufficient to establish his guilt of failing to display an inspection certificate.
Code § 256-8.1 (A) provides that "[n]o person shall park a vehicle on a public highway or in a parking space located within the City unless said vehicle bears [a] valid registration, properly affixed to and displayed upon said vehicle pursuant to the New York State Vehicle and Traffic Law." Code § 256-2 defines "parking space" as "[t]hat part of any street or of any municipal parking area designated by ordinance or regulation as a place for the parking of vehicles." [*2]Defendant does not dispute that his unregistered vehicle was parked in a municipal parking lot.
The provisions of the Vehicle and Traffic Law are intended to be "uniform throughout this state" (Vehicle and Traffic Law § 1600). No local government or municipality may "enact or enforce any local law, ordinance, order, rule or regulation in conflict with the provisions of [the Vehicle and Traffic Law] unless expressly authorized" to do so (id.). However, the Vehicle and Traffic Law authorizes Mount Vernon to "prohibit, restrict or limit the stopping, standing or parking of vehicles upon property owned or leased by" Mount Vernon (Vehicle and Traffic Law § 1640 [b]). So much of Code § 256-8.1 (A) as prohibits the parking of an unregistered vehicle in a municipal parking area falls within this delegation of authority, defeating defendant's field preemption claim (see People v Torres, 37 NY3d 256, 268 [2021]; see also Garcia v New York City Dept. of Health & Mental Hygiene, 31 NY3d 601, 620-621 [2018]; Jancyn Mfg. Corp. v County of Suffolk, 71 NY2d 91, 98 [1987]).
Defendant's conflict preemption claim is also without merit. "The state law does not permit [the parking of an unregistered vehicle in a 'municipal parking area'], nor is there any indication that the City is somehow constrained in prohibiting it" (People v Torres, 37 NY3d at 269; see Vehicle and Traffic Law § 402 [6]; Garcia v New York City Dept. of Health & Mental Hygiene, 31 NY3d at 619-620; Eric M. Berman, P.C. v City of New York, 25 NY3d 684, 691 [2015]).
In view of the foregoing, this court need not determine whether so much of Code § 256-8.1 (A) as prohibits the parking of an unregistered vehicle on a "public highway" or on "[t]hat part of any street . . . designated by ordinance or regulation as a place for the parking of vehicles" (Code § 256-2) is preempted by the Vehicle and Traffic Law.
With respect to the legal sufficiency of the evidence supporting defendant's convictions of failing to display an inspection certificate, defendant argues, in effect, that there was no evidence that his vehicles were parked on a "public highway," an element of a violation of Vehicle and Traffic Law § 306 (b). Vehicle and Traffic Law § 134 defines a "public highway" as "[a]ny highway, road, street, avenue, alley, public place, public driveway or any other public way." A "highway" is defined in Vehicle and Traffic Law § 118 as "[t]he entire width between the boundary lines of every way publicly maintained when any part thereof is open to the use of the public for purposes of vehicular travel." Here, defendant concedes that, on the relevant dates and times, his uninspected vehicles were parked in a municipal parking lot. We hold that the municipal parking lot here falls within the definition of "highway" in Vehicle and Traffic Law § 118 (see Groninger v Village of Mamaroneck, 17 NY3d 125, 129 [2011]; cf. People v Thew, 44 NY2d 681, 682 [1978]; People v Crespo, 76 Misc 3d 10, 12 [App Term, 2d Dept, 9th & 10th Jud Dists 2022]). Thus, when viewed in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), the evidence was legally sufficient to establish defendant's guilt, beyond a reasonable doubt, of failing to display an inspection certificate.
Defendant's remaining contention regarding the training of Mount Vernon's parking enforcement officers is beyond the scope of this appeal.
Accordingly, the judgments of conviction are affirmed.
GARGUILO, P.J., McCORMACK and WALSH, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 14, 2024